## The State vs. Brown.

In a complaint for theft, which alleges the value of the property stolen to be more than $15, the judgment of a justice of the peace, on the question of jurisdiction, is conclusive and final.

Therefore, where such complaint was brought before a justice of the peace, who found the value of the property to be more than $15, and bound over the defendant to the superior court, where the jury found him guilty of theft, and also found that the value of the property was less than $15 ; it was held that such finding of the jury did not determine the jurisdiction of the superior court, but that such court should proceed to render judgment against the defendant, on the verdict.

THIS was a complaint, preferred by Francis Chambers as a grand juror of the town of Bridgeport, to a justice of the peace, against Joseph Brown, for stealing a silver watch, which was alleged to be of the value of thirty-five dollars.

After a trial before the justice, upon the plea of not guilty, the defendant was found guilty, and the value of the property alleged to have been stolen, was found to be thirty dollars. The defendant was thereupon bound over to the next superior court for the county of Fairfield.

On the trial before the superior court, the jury found the defendant guilty of the theft, but also found that the value of the property stolen did not exceed fifteen dollars. The defendant thereupon filed his motion in arrest of judgment, which motion was reserved for the advice of this court.

*Seeley* and *Warner*, for the defendant.

*Ferris*, contra.

STORRS, J. This case came before the superior court, on the binding over of the defendant to that court by a justice of the peace, on a complaint brought before him for the crime of theft, in which the property charged to have been stolen was alleged to be of the value of over fifteen dollars. The justice found that it exceeded that amount, and that there was probable ground for the complaint. On the trial before

the superior court, the jury found the defendant guilty, and that the value of the property stolen was less than fifteen dollars. The question is, whether that court should proceed to render judgment on the verdict against the defendant. The proceedings of the justice, on the binding over, are conceded to be entirely regular.

The only ground, on which the defendant claims that such judgment should not be rendered, is, that a justice has sole jurisdiction in all cases of theft, where the property stolen does not exceed in value the sum of fifteen dollars ; and that the finding of the jury that it was less than that amount has deprived the superior court of any jurisdiction to proceed further in the case. We think, however, that by the true construction of the statute on this subject, this claim is unfounded.

The allegation of the value of the property presented a case in which the punishment, on a conviction, might, or might not exceed that which a justice had a right to inflict. On such a complaint before a justice, the statute makes it his duty to proceed to *hear and try the same,* and if, *in his opinion,* no greater punishment ought to be imposed than he has power to inflict, he is to render final judgment thereon, subject to the right of appeal therein provided ; but if in his opinion, a greater punishment ought to be imposed, the accused is to be bound over for trial to the court having cognizance of the offence. He is not merely to enquire whether there is probable cause for a charge cognizable by a higher court, and to bind over or discharge the accused ; but it is made his duty to determine whether it is a case within his own jurisdiction to punish. If it is, he is to make a final disposition of it; but otherwise the case is to be transferred to the higher court. The record of the justice in this case shows that he performed his duty in these respects as the statute required,—that he enquired into the value of the property stolen and found that it exceeded fifteen dollars ; and therefore that the offence was not within his jurisdiction to

punish, and that there was probable cause for the accusation; and that he thereupon bound the accused over for trial to the superior court. This was a judicial proceeding by the justice, on a matter involving his right to jurisdiction, which was directly before him, and which the statute made it his duty to examine and determine. There is no provision by which that proceeding can be revised, or the case remanded to the justice, if his finding as to the value of the property is in fact erroneous. That binding over conferred jurisdiction upon the superior court to try the case, and that court could not institute any enquiry into the value of the property for the purpose of determining whether the justice erred in regard to the question of jurisdiction. Indeed the enquiry of the justice, as to the value of the property, and his judgment on that subject is required for the purpose of definitively determining the question of jurisdiction. The defendant was a party to those proceedings before the justice and therefore had an opportunity to be heard. Under these circumstances, we are of opinion that the judgment of the justice, on this question of jurisdiction is conclusive and cannot be questioned, and that jurisdiction having, by that proceeding, once attached in the case to the superior court, it had power to proceed to try and render judgment on the merits of the case. If the justice had found the case to be one in which he had jurisdiction to punish, and had proceeded to convict and sentence the accused, there can be no doubt that his judgment on the question of his jurisdiction would have been conclusive, and we cannot perceive why it is not equally so on that question, when he has found the case to be beyond his jurisdiction and proceeded to bind over the accused. •

The view which we have thus taken of the conclusiveness of the judgment of the justice as to the value of the property stolen, so far as it respects the question of his jurisdiction, furnishes a complete answer to the objection of the defendant to the jurisdiction of the superior court, founded on the

finding of the jury as to such value, and to the claim that the jurisdiction of the latter court is defeated by such finding, even if it be assumed, as the defendant claims, that the sole jurisdiction in cases of theft, where the property stolen is less than fifteen dollars in value, is given to justices of the peace; for, if the finding of the justice is thus conclusive, it follows that such finding of the jury is irrelevant to invalidate, or affect, the judgment of the justice on that subject, and is, therefore, to be disregarded for that purpose, although, in order to enable the court to affix the appropriate punishment to the offence, it might be proper for the jury to find the value of the property.

The justice, having had in this case final jurisdiction of the offence imputed to the defendant, provided the value of the property stolen did not exceed fifteen dollars, and that jurisdiction having been exercised, it is quite plain that the defendant cannot be tried again for this offence before a justice. The finding, and binding over by him, operates as an acquittal of the defendant of the crime of which he has final jurisdiction; and if, according to the claim of the defendant, the finding of the jury in the superior court, as to the value of the property, is tantamount to, or entitles the defendant to, an acquittal, he cannot be tried again for the offence, in that court. If the claim of the defendant is sanctioned, it is therefore obvious that, in certain cases of the perpetration of theft, the ends of justice may be wholly defeated, and the offender be wholly discharged, in consequence of a difference of opinion as to the value of the stolen property, between the magistrate before whom the case is originally brought, and the jury who shall pass upon it in the court to which the accused may be bound over. A construction of the statute, on which this case depends, which would produce a result so anomalous and mischievous, would be subversive of the object for which it was passed, and should not be adopted. See *State v. Arlin,* 7 Foster (N. H.) R. 116.

We therefore advise the superior court to render judgment against the defendant.

In this opinion HINMAN, J., concurred.

Motion in arrest over-ruled.