THE HARTFORD BUILDING AND LOAN ASSOCIATION vs.
JOSEPH GOLDREYER ET AL.

*Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Conclusions of fact reached by the trial court upon conflicting evidence,
will not be reviewed by this court upon appeal.

If a deed is recorded within a reasonable time after its delivery it will
take precedence of liens accruing and conveyances made after that
time, but before such deed is recorded.

What is a reasonable time within which to record a deed is usually a
question of fact.

The certificate of a mechanic's lien filed in May, 1897, stated that the
lien attached May 12th, 1896. *Held* that such statement estopped
the lienor and his assignee from subsequently claiming that the
lien attached May 4th, 1896, and took precedence of a mortgage
executed on that day but not recorded until the day following, as
against a *bona fide* assignee of such mortgage who acquired his title
in November, 1897.

Section 3020 of the General Statutes relating to mechanic's liens, pro-
vides that the owner's assent to the contract of a subcontractor
must be in writing. *Held* that no particular form of written assent
was required; that it was sufficient if it appeared that the owner,
or his duly authorized agent, drew up the subcontract or some
material portion thereof for the purpose of being executed, or if
the owner, with knowledge of the terms of the subcontract, ac-
cepted in writing an order drawn upon him by the original con-
tractor in favor of the subcontractor, for the sum to be paid to the
latter under his subcontract.

Parol evidence of what the parties to a written instrument intended,
and supposed they had accomplished thereby, is inadmissible to
explain its purpose and meaning.

Argued June 16th—decided July 26th, 1898.

SUIT to foreclose a mortgage of real estate, brought to the
Superior Court in Hartford County and tried to the court,
*Shumway, J.;* facts found and judgment rendered for the
plaintiff, and appeal by several of the respondents for alleged
errors of the court in its supplemental judgment distributing

*Transferred from first judicial district.

among them the proceeds of the foreclosure sale. *Error in part and new trial granted in respect to certain appellants.*

On the 11th of May, 1896, the defendant Joseph Goldreyer entered into a written contract with Smernoff and Schwartz to erect a building on his lot in New Haven for $19,100. Subsequently Smernoff and Schwartz sublet portions of the work to Curtiss and Pierpont, Elbert H. Sperry, and the Jefferson Company, respectively, each of whom filed liens upon the property and claimed to be entitled to share in the proceeds of the foreclosure sale, which were insufficient to pay all the indebtedness. The principal question in respect to their claim was whether the evidence offered by them that Goldreyer, the owner of the premises, had assented in writing to the subcontracts between them and the original contractor, as required by § 3020 of the General Statutes, was admissible or not. The trial court excluded it and said leinors appealed, assigning such ruling as error.

The defendant Chapin was the assignee of a third mortgage for $1,500, executed and delivered May 4th, 1896, and recorded upon the following day. He acquired his title in November, 1897. Smernoff and Schwartz, the original contractors, also filed a lien for over $13,000, and afterwards assigned the same to John Dinnan, in trust, to pay certain creditors who, in consideration thereof, released said Smernoff and Schwartz from personal liability for services rendered and materials furnished in the construction of the Goldreyer building. Dinnan, as such trustee, claimed and asked the court to rule, that the mortgage held by the defendant Chapin should be postponed to the lien of Smernoff and Schwartz, held by him as trustee; but the court declined to so rule, but ruled that such mortgage should take precedence over such lien.

In its supplemental judgment the trial court, after providing for the payment of the first mortgage debt and costs, directed the clerk of the court to pay over the fund, as follows: first, to the committee for his services and expenses, $229; second, to the clerk of the court for holding and disbursing the fund, $150; third, a second mortgage note held by Joseph

P. Goodhart, amounting to $606.60; fourth, the third mortgage note of said Chapin, assignee, amounting to $1,632.25; fifth, a lien of the J. Gibb Smith Company, amounting to $2,139.62; and sixth, the balance of the fund, amounting to $520.10 to said Dinnan, trustee, for the use and benefit of the creditors of Smernoff and Schwartz named in their assignment.

The few other facts necessary to an understanding of the case are stated in the opinion.

*William B. Stoddard* and *Robert C. Stoddard,* for Curtiss & Pierpont, and Jonathan W. Chapin.

*Henry G. Newton,* for the Jefferson Company.

*Frank B. Williams,* for Elbert H. Sperry.

*Charles S. Hamilton* and *A. Heaton Robertson,* for John J. Dinnan, trustee.

*Edward G. Buckland* and *Benjamin I. Spock,* for the J. Gibb Smith Company.

*Jacob P. Goodhart, pro se.*

NOTE. During the argument of the cause in the Supreme Court of Errors, Jacob P. Goodhart, Esq., a respondent whose mortgage debt had been allowed by the trial court, to be paid from the funds in the hands of the clerk of the Superior Court for Hartford County, before the claims of any other respondents, appeared and moved that an order might issue from this court to the clerk of said Superior Court requiring him to pay over to said Goodhart the sum adjudged to be due him, from which judgment no appeal had been taken by any of the respondents. After consultation this court issued the following order:—

| The Hartford Building and | Supreme Court of |
| Loan Association. | Errors, Third Ju- |
| *v.* | dicial District, |
| Joseph Goldreyer et al. | June Term, 1898, |
| | June 17th, 1898. |

In the above entitled cause, no appeal having been taken from so much of the judgment of the Superior Court as ordered payment to Jacob P. Goodhart, of $606.50 out of the proceeds of the foreclosure

HALL, J. The Superior Court having decreed a foreclosure by sale of the mortgaged premises in question, and having, by its supplemental judgment, directed that the proceeds of the sale remaining after the payment of the plaintiff's mortgage debt and costs be applied to the payment of the sums due certain parties found to be entitled to the same, four of the claimants to said fund have appealed to this court.

John J. Dinnan appeals upon the grounds: (1) that the court erred in finding that the mortgage of $1,500 from Joseph to Sussman Goldreyer was given for a valuable consideration and was afterwards assigned to J. W. Chapin for a valuable consideration, and in refusing to find as requested, that said mortgage was given and assigned without consideration and for a fraudulent purpose; and (2) that the court erred in overruling the claim of said Dinnan, that the said mortgage should be postponed to the lien of the original contractors, Smernoff & Schwartz, of which Dinnan was the assignee.

The first of these grounds of appeal may be dismissed with the statement that it is simply a request that a conclusion of fact, reached by the trial court upon conflicting evidence, be reviewed upon appeal. This court has repeatedly and invariably refused to entertain such reasons of appeal.

In support of said second ground of appeal, counsel for Dinnan seems to claim in his brief that the trial court erred in not holding that as against Chapin the lien held by Dinnan as assignee and trustee, attached to the premises in question on the 4th of May, instead of upon the 12th of May, as stated in the recorded certificate of lien.

Perhaps no further answer need be made to this claim than that it does not appear by the finding of facts to have been made in the court below. The record seems to indicate that the contention of Dinnan in the Superior Court was that the

sale, now, upon motion of Jacob P. Goodhart, Esquire, appearing for himself, it is *Ordered,* that the clerk of the Superior Court for Hartford County make said payment forthwith, agreeably to said judgment.

By the Court, EDWARD A. ANKETELL, *Clerk.*

Chapin mortgage should be postponed to Dinnan's lien because the former was fraudulent. But we will consider the claim as made before us.

The finding says that Goldreyer and Smernoff & Schwartz entered into and executed the building contract on the 11th day of May, 1896, and that work and labor was commenced "thereunder" by a subcontractor on the 4th day of May, 1896. The Chapin mortgage was executed May 4th, 1896, and recorded May 5th, 1896. Counsel for Dinnan say in their brief: "It appears from the finding that the contractors, Smernoff & Schwartz, . . . commenced work on the contract on the 4th of May, 1896. The pretended mortgage from Joseph Goldreyer to Sussman Goldreyer was executed on that very day, . . . but was not recorded until the 5th day of May, 1896, and hence did not take effect as against third parties until May 5th, the day after the work was commenced." And our attention is then called in the brief to the provision of § 3018 of the General Statutes, that a mechanic's lien shall take precedence of any other incumbrance originating after the commencement of such services, or the furnishing of any such materials.

There is an irreconcilable inconsistency in the finding, since under the written contract, entered into and executed May 11th, work could scarcely have been commenced by a subcontractor before that date. We may, perhaps, assume from the finding that some work, performed before the contract was made, and performed by one who afterwards became a subcontractor, was included in the contract of May 11th. Evidently, the work so performed on May 4th was not regarded by the parties to the original contract as of sufficient importance to require the contract to be made as of that date. Nor does it seem to have occurred to Smernoff & Schwartz when a year afterwards they filed their certificate of lien, and when they must have known that the Chapin mortgage appeared of record as an incumbrance of the date of May 4th or 5th, that their lien attached on the 4th of May because they had commenced to perform work on that day.

But it is not the law of this State that a deed is only opera-

tive against third parties from the time it is recorded. Under General Statutes, § 2961, that "no conveyance shall be effectual to hold lands against any other person but the grantor and his heirs, unless recorded on the records of the town," etc., a deed recorded within a reasonable time after delivery is effectual against liens and conveyances accruing and made subsequent to its execution and delivery and before such deed is recorded. *Beers* v. *Hawley,* 2 Conn. 467, 469; *Goodsell* v. *Sullivan,* 40 id. 83, 85. No fact is found from which we can infer as a matter of law that the recording of this mortgage was unreasonably delayed. What is a reasonable time within which to record a deed is usually a question of fact. *Goodsell* v. *Sullivan, supra.*

Again, § 3019 of the General Statutes provides that the lien of an original contractor shall not be valid unless within sixty days after the person performing services, etc., has ceased to do so, "he shall lodge with the town clerk . . . a certificate in writing describing the premises, the amount claimed as a lien thereon, and the date of the commencement of the claim, . . . which certificate shall be recorded," etc. Such certificate was intended by statute to give reasonable notice to creditors and purchasers of the existence and extent of the lien. *Bank of Charleston* v. *Curtiss,* 18 Conn. 342–348; *Larkins* v. *Blakeman,* 42 id. 292, 294; *White* v. *Washington School District,* ibid. 541, 545; *Marston* v. *Kenyon,* 44 id. 349, 356. The certificate placed upon record by Smernoff & Schwartz on the 17th of May, 1897, and sworn to by them, gave the date upon which their lien attached as May 12th, 1896. That lien was assigned to Dinnan in June, 1897, and the assignment recorded in July, 1897; so that by the deliberate act and statement of Smernoff & Schwartz, the town records disclosed to Chapin, when, in November, 1897, he, in good faith and for value purchased the mortgage in question of Sussman Goldreyer, that it was a prior incumbrance to the lien assigned to Dinnan. Upon these facts both Smernoff & Schwartz and their assignee, Dinnan, are estopped from claiming that their lien takes precedence of the Chapin mortgage. There is no error upon the appeal of Dinnan.

The grounds of the three remaining appeals, that of Curtiss & Pierpont, E. H. Sperry, and the Jefferson Company, are the rulings of the trial court upon the admissibility, or the sufficiency, of the evidence offered by the appellants to prove the written assent of Joseph Goldreyer, the owner of the premises, to their subcontracts with the original contractors, Smernoff & Schwartz.

The law provides that such assent must be in writing. No particular form of assent is required. It is not necessary that it be written upon the contract itself. It need not be signed. It may be given and written by a duly authorized agent of the owner. If the owner, or his duly authorized agent, draws up the written subcontract in order that it may be executed, or if, with a knowledge of its terms, he, or such agent, writes and inserts in it, when the subcontract is made, some material provision, such acts would, we think, constitute sufficient evidence of the written assent required by statute. *Benedict* v. *Danbury & N. R. Co.*, 24 Conn. 319, 325. Nor do we see any reason why the written acceptance by the owner of an order drawn by the original contractor in favor of a subcontractor, for the sum to be paid to the latter under his subcontract, may not, when such order is accepted with a knowledge of the existence of the subcontract and its terms, or when the owner is chargeable with such knowledge, be held to be sufficient evidence of a written assent, even though the order is accepted after the execution of the subcontract.

In *Benedict* v. *Danbury & N. R. Co.*, *supra*, the only acceptance of the order given by the original contractors was a part payment by the railroad company upon the condition, written in the receipt for the money so paid, that the company did not thereby accept the order beyond the amount paid. This court held that neither by such acceptance or payment, nor by the votes entered upon their books to make certain advancements to the subcontractor, did the railroad company give their written assent so as to entitle the subcontractor to a lien for the balance due upon the order. The court said in that case: " The object of requiring an assent in writing to subcontracts, certainly one important object, was to enable

the general owner of property on which buildings were being erected, to know the extent of the incumbrance, to create that privity of contract between him and the subcontractor, that should make it both equitable and legal that his property should be charged with the debt of another."

The facts in the three appeals under consideration are not, as stated in the finding, precisely identical. Curtiss & Pierpont, to prove the written assent of Goldreyer to their contract with Smernoff & Schwartz, proved, or offered to prove, the following facts: that Goldreyer "knew of the terms and conditions of said contract with Curtiss & Pierpont, and went to his (Goldreyer's) attorney and had him draw up the contract and the order and acceptance thereof;" that "the contract and the order and acceptance were all drawn at the same time and all the papers were connected together when signed and executed, and were all read by the said Goldreyer before he signed the acceptance on the 18th day of August, 1896." We think that evidence of all these facts was admissible to show the written assent of the owner, and that such facts, when proved, clearly established such written assent.

The appellant E. H. Sperry, to prove such written assent to his subcontract, offered in evidence the written acceptance of the defendant Goldreyer upon the back of the order of Smernoff & Schwartz in his favor, the order itself, and the contract between himself and Smernoff & Schwartz, together with proof that said contract, order and acceptance were executed and delivered at the same time at the office of Goldreyer's attorney.

The ruling of the court excluding this evidence was erroneous. Such evidence conduced to prove that with a knowledge of the terms of the subcontract, Goldreyer not only assented in writing to the making of such contract at the time it was executed, but that through his attorney he aided in the preparation of the subcontract.

The circumstances under which the order in favor of the Jefferson Company was accepted, are not stated in the finding. The record shows that the written order and acceptance were offered in proof of a written assent of the owner,

and that the court made the same ruling as in the cases of Curtiss & Pierpont and E. H. Sperry. The order, which was accepted in writing, refers on its face to the fact that the makers had entered into a subcontract with the Jefferson Company, and we think that it and the acceptance were admissible in evidence, and that these claimants should have been allowed to prove, either that the execution of the subcontract, order and acceptance were substantially one transaction, as in the other cases, or to prove facts showing that the order was accepted by Goldreyer with a knowledge of the terms of the subcontract and to aid in carrying out that contract.

The finding states that parol evidence was offered to prove that Goldreyer and Curtiss & Pierpont "supposed and intended by the giving of said order that the said contract between Smernoff & Schwartz and the said Curtiss & Pierpont had been assented to in writing." What evidence was offered for that purpose does not appear. Understanding this statement to mean that the testimony of Goldreyer or Curtiss or Pierpont, or proof of the declarations of one or more of them, was offered to show that it was understood and intended by them that in accepting the order Goldreyer gave his written assent to the subcontract, we think it was properly excluded. What the secret intention and understanding of the parties to a written instrument is, cannot be proved by parol evidence. The meaning of the writing and the purpose of the parties must be gathered from the language of the instrument itself, read in the light of surrounding circumstances. 1 Greenl. on Evidence (13th ed.), § 277 and notes.

Error is found upon the appeals of Curtiss & Pierpont, E. H. Sperry and the Jefferson Company, and a new trial is granted as to them.

In this opinion the other judges concurred.