HENRY STODDARD ET ALS. *vs.* LOUIS M. SAGAL.

Third Judicial District, Bridgeport, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and CURTIS, Js.

In an action by an attorney at law to recover what his professional services were reasonably worth, evidence is admissible of his experience, ability, character and standing at the bar.

A lawyer who represented the other side in the litigation in which the plaintiff's services were rendered, and therefore had personal knowledge of their character and extent, was asked by the plaintiff whether in his judgment the amount ($5,000) charged therefor was reasonable. A general objection that the inquiry was immaterial was overruled, and the witness answered in the affirmative. *Held* that while the question was objectionable, in that it did not appear therein, nor from the answer, upon just what facts the opinion of the witness was based, its admission did not, under the circumstances, furnish a sufficient ground for granting a new trial, since the character and extent of the services rendered had been fully stated to the jury and were not seriously controverted, while the form of the question, had that been objected to, could readily have been altered so as to call for a statement of the facts.

Another attorney, who was also engaged on the other side of the litigation in which the plaintiff's services were rendered, in testifying as to their extent and character, described one of his interviews with the plaintiff in which the latter said that he had given a certain legal question involved in such litigation "a great deal of thought." This testimony was objected to, but no ground of objection was stated. In this court the defendant contended that the ruling permitted the plaintiff to prove the character and extent of his services by his own declarations. *Held* that while probably not admitted for any such purpose, its admission even for that purpose was not an error of sufficient importance to justify a new trial.

Stoddard *v.* Sagal.

An attorney at law is entitled to recover interest on the amount found
   to be due him for professional services, from the day his bill was
   rendered to the date of the verdict.
The arbitrary rule that interest will not be allowed as damages upon
   unliquidated demands, has never been adopted for general appli-
   cation in this State.

Submitted on briefs October 24th—decided December 19th, 1912.

ACTION to recover for legal services, and disburse-
ments incident thereto, brought to the Superior Court
in New Haven County and tried to the jury before
*Gager, J.;* verdict and judgment for the plaintiffs for
$2,871, and appeal by the defendant. *No error.*

*Benjamin Slade* and *Spotswood D. Bowers,* for the
appellant (defendant).

*Robert C. Stoddard,* for the appellees (plaintiffs).

HALL, C. J. The plaintiffs, who are copartners in
the practice of law in New Haven, seek by this action
to recover for professional services rendered between
the first of May and the last of November, 1911, by
Judge Henry Stoddard personally, a member of the
plaintiff firm, in the conduct and management, for the
defendant, of a divorce suit, instituted by the latter
against his wife, and of proceedings regarding the cus-
tody of the defendant's minor child, and of other mat-
ters connected with said divorce suit.

The divorce suit and said proceedings connected
with it having resulted favorably to the present de-
fendant, the plaintiffs in November sent the defendant
a bill, in which they charged him $5,000 for such serv-
ices and $44.62 for expenses, and credited him with
a payment of $250.

The defendant informed Judge Stoddard that he
was perfectly able to pay the bill, and that payment
of it would in no way embarrass him, but refused to
pay it upon the ground that it was too large. No part

of the bill so rendered has been paid except the $250 credited upon it.

Judge Stoddard as a witness testified regarding the peculiar character of the divorce suit, and of the questions involved in it, and the services rendered by him, and regarding his practice and experience as an attorney, and as a judge; and several prominent attorneys testified as to his standing at the bar, and either from their personal knowledge of the services rendered by Judge Stoddard, or from the facts embraced in a hypothetical question, testified that in their opinion the plaintiff's charge of $5,000 for services was reasonable. No witness testified that such charge was excessive excepting the only witness called by the defendant, who testified that $800 would be a reasonable charge.

The jury allowed the plaintiffs $3,000 for services, and rendered a verdict in their favor for $2,871.47, which included an item of $76.85 for interest, from the date the plaintiffs' bill was rendered to the defendant.

There are sixty-eight errors assigned in the defendant's reasons of appeal. We have no occasion to repeat them here or to discuss many of them.

Numerous objections were made to the evidence offered by plaintiffs, respecting the practice and experience of Judge Stoddard, as an attorney, and as a judge, and regarding his standing in the legal profession. Such evidence was clearly admissible. In *Phelps* v. *Hunt*, 40 Conn. 97, 100, this court said: "The value of professional services may depend, very considerably, upon the character and standing of him who performs them. . . . Then the period of time passed in the profession, the experience acquired, the degree of skill, the faculty of using professional knowledge, make great differences in individuals. . . . Where the nature of the services performed makes the possession of certain qualifications to constitute an important element in

the value of those services, evidence of professional standing is clearly admissible, and is entitled to much consideration."

Plaintiffs' counsel asked of one of their witnesses, Mr. Webb, who had acted as one of the counsel for the defendant in the divorce suit, this question: "From your observation of the conducting of the case by Judge Henry Stoddard, from the first knowledge that you had of it, your observation of him in his conference with you, from the examination of the witnesses, from the general conduct of the case, I will ask you whether or not, in your judgment, the sum of $5,000 is a reasonable sum for the services that you saw that he performed?" The ruling of the trial court permitting this question, against the defendant's objection, does not furnish a sufficient ground for granting a new trial. The question was open to the criticism that it did not properly appear, either from the question asked, or from the answer of the witness, upon just what facts the opinion of the witnesses was based. *Worden* v. *Gore-Meenan Co.*, 83 Conn. 642, 78 Atl. 422; *Barker* v. *Lewis Storage & Transfer Co.*, 79 Conn. 342, 65 Atl. 143. Had the question been objected to upon that ground, the witness would probably have been asked to state, and would have stated, the facts upon which he based his opinion. It does not appear that any other objection was made to the question than that it was immaterial. It is further to be said that the character and extent of the services rendered by Judge Stoddard had already been fully stated to the jury, and were evidently well known to the witness, and, as the court properly said to the jury, there was practically no controversy respecting them, excepting as to what was a reasonable charge for them.

Judge Edmund Zacher, one of the counsel for Mrs. Sagal in the divorce proceedings, having been called

as a witness for the plaintiffs in the present case, in describing one of his interviews with Judge Stoddard, said, among other things: "I told him [Judge Stoddard] that I thought we had a good fighting chance on the question of condonation, and I think I asked him the question whether he had looked up the law on that subject, . . . and he said he had given the matter a great deal of thought, and I said. . . ." The court overruled the defendant's objection to this testimony. No ground of the objection to this testimony appears to have been stated. In his brief the defendant claims that the ruling permitted the plaintiffs to prove the extent and character of the services rendered, by the declarations of Judge Stoddard in his own favor. We think it was not admitted for that purpose, but only as descriptive of one of the several interviews between Judge Stoddard and the witness. But if the declaration was admitted for the purpose claimed by the defendant, the erroneous ruling was not, under the circumstances, of sufficient importance to justify the granting of a new trial.

There was no error in the charge of the court, that interest should be added to the balance found due when the bill was presented, from that date to the date of the verdict. The arbitrary rule invoked by the defendant that interest will not be allowed as damages upon unliquidated demands, has never been adopted for general application in this State. *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, 398, 65 Atl. 134.

The amount awarded by the verdict is not excessive. There was evidence which would have justified the jury in awarding the plaintiffs even a larger sum than that fixed by the verdict.

There is no error.

In this opinion the other judges concurred.