The plaintiff J. Warren Upson is administrator upon the estate of Francesca DiBlasi, having been appointed as such in the place of Salvatore DiBlasi, the original plaintiff in this action. The complaint alleged that on July 19th, 1921, Francesca DiBlasi gave a certain power of attorney to the defendant Frank DiBlasi, that she was the owner of certain real estate on Griggs Street in Waterbury, that she died on January 30th, 1924, and that on February 16th, 1926, Frank DiBlasi, purporting to act as her agent under the power of attorney, transferred the Griggs Street property without consideration to his *Page 541 
wife, the defendant Anna DiBlasi; that the transfer was made with knowledge on the part of both defendants that he had no authority to make it, and with intent to cheat and defraud the estate of Francesca DiBlasi, and that the property was necessary assets of her estate for the payment of debts and administration expenses. In a third defense in their answer the defendants alleged that Salvatore and Francesca DiBlasi, who were husband and wife, and their two sons, Frank and Carmelo, were partners in business under the firm name of Salvatore DiBlasi Sons, that they had an agreement among themselves that Frank was to be the owner of, and have the title to, the Griggs Street property, and that the power of attorney was given him by Francesca for the purpose of carrying out that agreement, and ultimately vesting in him the title to that property. These allegations were repeated in a fourth defense coupled with the further allegation that by virtue of such agreement Frank became entitled to an interest in the property, and that in connection with such agreement the power of attorney constituted an authority coupled with an interest in the premises in his favor which was not affected by the death of Francesca. The allegations of the third defense were again repeated in a counterclaim in which it was asked to have the affairs of the partnership wound up and its assets distributed. In response to plaintiff's motion for a more specific statement, the defendants alleged that the agreement set out in the third defense was in writing only in so far as expressed in the power of attorney. The plaintiff filed identical demurrers to the third and fourth defenses and the counterclaim, upon the ground that it appeared that the agreement alleged therein was one for the transfer of the title to real estate, and was not in writing, and that the power of attorney was not *Page 542 
a memorandum of the terms of such agreement. These demurrers were sustained (Baldwin, J.), and the defendants filed an amendment to the third defense alleging an agreement by Francesca DiBlasi to transfer the property to Frank, that the power of attorney was executed by her with the intention of conveying title to him, and that they both understood that it would have that effect, to which the plaintiff again demurred on the ground that it appeared that the agreement to transfer the property was not in writing, and the demurrer was sustained (Ells, J.). The defendants then filed a further pleading labeled "Amended Counterclaim," in which the allegations of the third and fourth defenses as to the partnership, and the agreement for the transfer of this property, were repeated, with a further allegation that the title to this property was taken in the name of Francesca under an agreement that it was to be held by her for Salvatore, Frank and Carmelo until the partnership should be dissolved and a division of the partnership assets made. The plaintiff again demurred to this pleading on the ground that the agreement for the transfer of the property to Frank was not in writing, and on the further ground that the settlement of the affairs of a partnership, one of whose members was not a party to this action, could not be had in this action, and this demurrer was sustained (Wolfe, J.).
The defense of the statute of frauds may be raised upon demurrer when it appears from the pleadings that it will be impossible for a party alleging an agreement required by the statute to be in writing to offer any competent evidence of the existence of the necessary memorandum, and in such case the pleading making such allegation will be held insufficient upon demurrer.Jacobson v. Hendricks, 83 Conn. 120, 75 A. 83. Concededly, the power of attorney executed by Francesca *Page 543 
DiBlasi, which authorized Frank DiBlasi to "execute necessary documents to convey any property which I may be possessed of," was revoked by her death unless it granted a power coupled with an interest. Mansfield
v. Mansfield, 6 Conn. 559; Organized CharitiesAsso. v. Mansfield, 82 Conn. 504, 74 A. 781. It is alleged in the fourth defense and the amended counterclaim that the power of attorney, in connection with the alleged oral agreement that the property was to be transferred to Frank, constituted an authority coupled with an interest in the property which was not affected by the death of Francesca prior to the conveyance of the property by virtue of the power of attorney. The power of attorney itself does not purport to convey any interest in the property to Frank. It is clear that Frank's claimed interest in the property arises, if at all, out of the alleged oral agreement that it was to be transferred to him by his mother. Proof of this oral agreement is therefore an essential part of the defenses alleged, and the situation falls within the rule that a contract upon which the legislature says no action can be maintained cannot be used to defeat a claim otherwise legal and just.Simons v. New Britain Trust Co., 80 Conn. 263, 267,67 A. 883. To meet the contention that this agreement is within the statute of frauds, the defendants apparently advance two claims as to the effect of the power of attorney, (1) that it was a part performance of the oral agreement, and (2) that it constituted a sufficient memorandum of the terms of the agreement to remove the bar of the statute. It needs no argument to demonstrate that both of these claims are entirely untenable. The power of attorney given by Francesca to Frank authorizing him to execute any documents necessary to convey her property could not possibly be an act of part performance of an agreement *Page 544 
to convey property to him. Andrews v. NewBritain National Bank, 113 Conn. 467, 474,155 A. 838. Nor does it purport to contain the terms of the alleged oral agreement, or of any agreement contemplating the vesting of the title to the property in him. It is a document of an entirely different character, from which would arise no suggestion of the existence of the oral agreement alleged in the pleadings demurred to. The amendment to the third defense and the amended counterclaim repeated the allegations of the original answer, and were likewise demurrable as alleging an oral agreement for the transfer of real property. The rulings upon these demurrers are to be tested by the allegations of the pleadings demurred to, and are not affected by the subsequent finding of the trial court that, at the time of the execution of the power of attorney, Francesca DiBlasi's interest in the property in question was that of a mortgagee. The allegations in these pleadings as to the existence of a partnership are immaterial upon the issues here involved, since it is not questioned that the legal title to the property was vested in Francesca, and the defendants themselves, in the amendment to their third defense, base their claim to the property upon an alleged agreement of Francesca to transfer the property to Frank, which they claim she intended to do when she gave him the power of attorney. The allegation in the amendment to the third defense as to the understanding of the parties of the legal effect of the power of attorney was the allegation of an immaterial fact, since the legal effect of the instrument cannot be altered by proof of what the parties understood that legal effect to be. Hartford Bldg. Loan Asso. v.Goldreyer, 71 Conn. 95, 103, 41 A. 659.
In the first defense of their answer, the defendants alleged that the original plaintiff, Salvatore DiBlasi, *Page 545 
had no right to bring this action as administrator of the estate of Francesca DiBlasi, and in their assignment of errors claimed that the court erred in not holding that the Court of Probate had no jurisdiction to appoint an administrator upon her estate, since it appeared that she had made a will which was in existence. The court found that, on the date of the execution of the power of attorney, Francesca DiBlasi also executed a will, which she took with her to Italy, where she died; that after her death her son Carmelo got possession of the will; that Salvatore, before probating his wife's estate, attempted to obtain the will from Carmelo, who denied that he had possession of it, and that a carbon copy of the typewritten part of the original will was produced in evidence upon the trial. Upon these facts it does not appear that the Court of Probate was without jurisdiction to appoint an administrator Upon the estate of Francesca DiBlasi. It is not found that, when application was made to the Court of Probate for the appointment of an administrator, there was a valid will in existence, nor did the production upon the trial of this action of a carbon copy of a portion of a will establish the existence of a valid will. If, in proper proceedings in the Court of Probate, it shall appear that Francesca DiBlasi did leave a valid will, that court has the power to revoke the letters of administration to this plaintiff and his predecessor, but this will not affect the validity of their acts done in good faith in the settlement of the estate. General Statutes, § 4900.
The discussion in defendants' brief of the claim of the defendant Frank to an interest in this property as an heir at law of his mother is beside the point, since his rights as such heir are not within the issues of this case, and will undoubtedly be fully protected in the *Page 546 
proceedings for the settlement of his mother's estate in the Court of Probate.
On September 11th, 1930, Salvatore, Frank, Carmelo and Anna DiBlasi signed a paper which was claimed by the defendants to be binding upon Salvatore as an arbitration agreement relative to the division of the estate of Francesca DiBlasi. It was not binding upon the present plaintiff (Upson), who was then administrator upon the estate of Francesca, and, furthermore, the conclusion of the trial court that there was no meeting of the minds of the parties as to its provisions is supported by the subordinate facts found.
The defendant Anna DiBlasi was asked upon her direct examination by counsel for the plaintiff if she remembered that certain questions were asked of her in connection with a demand made upon her by the plaintiff, and in each case answered that she did not remember what questions were asked her. In view of the nature of the answer, the ruling admitting these questions could not have harmed the defendants.
The assignments of error based upon the refusal of the trial court to correct the finding are not properly before us as none of the evidence has been certified.
 There is no error.
In this opinion the other judges concurred.