HARRY C. BROGAN, ADMINISTRATOR (ESTATE OF EMILY M. CROSS) *v.* CHARLES F. MACKLIN, ADMINIS-TRATOR (ESTATE OF JOHN CROSS).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 3—decided November 16, 1939.

*Arthur T. Keefe,* with whom was *Douglas A. Anello,* for the appellant (plaintiff).

*Charles V. James,* with whom was *Philip Z. Hankey,* and, on the brief, *Arthur M. Brown,* for the appellee (defendant).

AVERY, J. From the complaint, it appears that the plaintiff was appointed by the Court of Probate, for the district of New London, administrator of the estate of Emily M. Cross, deceased, and brought the present suit in that capacity. The defendant is the administrator duly appointed by the Orphans' Court of the County of Howard, State of Maryland, of the estate of John H. Cross, deceased, who died a resident of Baltimore. It is alleged that while riding in an automobile, owned and operated by John H. Cross, the plaintiff's decedent, Emily M. Cross, due to the negligent manner in which the vehicle was operated, received fatal injuries, from which she died. The place where the injuries were received was on the Boston Post Road, near Miller's Inn, in this state. The question involved in this case is whether the Connecticut court has any jurisdiction over the administrator appointed and acting under the authority of the Orphans' Court of Howard County, Maryland. It is alleged that John H. Cross was insured in the United States Automobile Association, located at San Antonio, Texas, against liability arising out of the ownership or operation of his automobile, and that prior to the date of the fatal injuries that company had reinsured the risk under the policy with the Employees Reinsurance Corporation of Kansas City, Missouri, and that that corporation is licensed to do busi-

ness in this state and has, in compliance with the statutes, nominated and appointed an agent in this state for the service of process; that the contracts of insurance and reinsurance were made in contemplation of the benefit of the plaintiff, and that upon the death of Emily M. Cross there accrued to the plaintiff an absolute liability on the part of the insurance companies for the payment to her estate of the amount recovered by final judgment against John H. Cross.

The writ in this action is directed against the administrator of the estate of John H. Cross, and the sheriff's return thereon recites service of a copy upon the commissioner of motor vehicles, and one mailed to the administrator with a return receipt from him. It appears, therefore, that the plaintiff attempted to get jurisdiction over the defendant in no other manner than by virtue of the provisions of General Statutes, § 5473. This statute is quoted in full in *Hartley* v. *Vitiello,* 113 Conn. 74, 76, 154 Atl. 255, and the procedure required to obtain jurisdiction over a nonresident defendant under the provisions of the statute is therein set forth and need not be repeated. It is to be noted that the statute makes no provision for the service of process upon an administrator appointed by a foreign court over the estate of a nonresident. The statute provides that any nonresident who shall cause a motor vehicle to be operated upon a public highway of this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that civil process on account of a claim for damages resulting from negligence may be served upon the commissioner and have the same validity as if served upon the nonresident personally. The appointment of the commissioner of motor vehicles as attorney for the nonresident was re-

voked by the latter's death. *DiBlasi* v. *DiBlasi*, 114 Conn. 539, 543, 159 Atl. 477, 2 C. J. S. 1175. The conclusion is inescapable that § 5473 does not confer jurisdiction on the courts of this state to entertain suits against an administrator appointed by a foreign court over the estate of a nonresident decedent.

The only other basis for the jurisdiction of the courts of this state claimed by the plaintiff is that there are in this state assets of the decedent's estate, namely, the claim which the decedent's administrator might assert against the reinsurance company upon the policy of insurance. Ordinarily, an insured has no right of action against a reinsurance company and can only sue in the event that there is something in the contract between the insuring company and the reinsuring company which gives policyholders such a right. 8 Couch, Insurance, § 2276; notes, 35 A. L. R. 1349, 103 A. L. R. 1485. The complaint in this action contains allegations which might admit proof of facts bringing this case within the exception. Even if this is so, the administrator could only assert a right to recover from the reinsurance company by coming into this state, and that right he could equally well assert either in the state under the laws of which the reinsurance company is incorporated or in any other state where it does business and where the statutes contain provisions for service upon a foreign insurance company doing business in it. The right of the administrator to recover from the reinsurance company is one which may be asserted in other jurisdictions than this at the sole will of the administrator. A claim so conditioned does not constitute assets of the estate in this state.

There is no error.

In this opinion the other judges concurred.