JOHN B. CAMPBELL *v.* JAMES S. ROCKEFELLER

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

586

Argued October 9, 1947—decided February 5, 1948—
reargued April 8—decided May 6, 1948

*William C. Strong,* for the appellant (defendant).

*Raphael Korff,* with whom, on the brief, was *Frederick E. Morgan,* for the appellee (plaintiff)..

ELLS, J.   The defendant owns a large tract of land in North Carolina known as Long Valley Farm, upon which there is a large lake.   In 1937 he was constructing a residence on the farm and desired to repair and improve a dam located at the lake and to install a water wheel and erect a pumping station. He discussed his plans with the plaintiff, who is a hydraulic engineer, a general contractor in construction work relating to water power and a manufacturer of water wheels.   Following a survey of the water power possibilities by the plaintiff, the tentative plans were enlarged so as to include the opera-

tion of a grist mill and the installation of a generator to supply electric power and light.

On or about November 1, 1937, the parties entered into an oral agreement whereby the plaintiff was to perform work as the defendant might from time to time order it. The contract provided for the basis of payment. The plaintiff proceeded with the work almost immediately and continued it until May 29, 1939, when he ceased on the theory that he had completed his contractual obligation. Various disputes, such as often stem from oral contracts of this nature, ultimately were threshed out in the Superior Court. The plaintiff sought to recover an alleged balance due him from the defendant, who had already paid large sums from time to time as the work progressed. The trial court disallowed charges amounting to $5566.53 and rendered judgment for the balance of the claim, $7345.67, plus interest. The defendant has appealed.

The defendant in his answer pleaded as separate defenses that the cause of action was barred because it did not accrue within three years and because it did not accrue within six years, thus invoking both § 6010 and § 6005 of the General Statutes. On the trial, he rested his claim entirely upon § 6010. The court decided that the statute did not apply, and the defendant has assigned error in the ruling. In *Hitchcock* v. *Union & New Haven Trust Co.*, 134 Conn. 246, 257, 56 A. 2d 655, we reviewed the history of § 6010, and said (p. 259) that it limits to three years actions on contracts not reduced to or evidenced by a writing, that is, contracts resting in parol, and that it applies only to executory contracts. In the present case, everything that was to have been done by the plaintiff had been done, and all that remained was to pay him. In the *Hitchcock*

case, *supra*, we said (p. 259): "The action before us is clearly one upon a simple contract where the plaintiff has fully performed, and it falls fully within § 6005." This fits the situation now before us. The contract was executed and § 6010 does not bar the action.

The presence of unusual circumstances might justify us in allowing the defendant the benefit of his plea as to § 6005. It would not avail him. The court expressly found that the defendant went into the service of the United States army in April, 1942, and was discharged in January, 1946. Section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940 provides as follows: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service . . . whether such cause of action shall have accrued prior to or during the period of such service." 54 Stat. 1181, § 205, 50 U. S. C. App. § 525 (1940). Upon the facts of the present case, the six-year period of limitation (§ 6005) would reach back from April, 1942, to April, 1936, and the action would not be barred.

The defendant concedes that the federal statute is binding upon the courts of this state, and therefore we do not discuss the point. He contends, however, that this plaintiff cannot take advantage of the claim because it was not raised at the trial. When it appeared that the application of the statute was necessary to a decision upon the appeal, a reargument was ordered on this point. While ordinarily questions not raised at the trial will not be considered on appeal, an exception is made when a pertinent statute has been overlooked. *Adley Express Co.* v. *Darien,* 125 Conn. 501, 504, 7 A. 2d 446;

Conn. App. Proc., p. 60, note 19. A further claim is that the facts necessary to the application of the federal statute were not pleaded. The finding as to the dates when the defendant entered the service and when he was discharged is not attacked and these are simple facts which could hardly be found otherwise on a new trial. To return the case to the trial court simply to give the opportunity for pleading and invoking the federal statute would necessarily bring about the same result as would come from our determination of the matter now; it would be a useless procedure, for the final result would not be changed. Conn. App. Proc., § 41, p. 55; see *Artman* v. *Artman,* 111 Conn. 124, 127, 149 A. 246. We cannot find error as regards this feature of the case to be harmful.

The defendant makes three principal claims, (1) that the court erred in allowing the plaintiff a reasonable profit on the materials furnished by him, (2) that the profits allowed were not reasonable, and (3) that interest could not be allowed upon the balance found due. We consider these claims seriatim.

The court allowed the plaintiff a profit on materials purchased by him. The defendant claims that the plaintiff is entitled only to the actual cost. The defendant states in his brief: "The precise question is whether this contract was in effect, a contract for work to be done on a time and material basis." The contention seems to be that the plaintiff was allowed $2 an hour for the time he spent in purchasing the materials. There is no support for this in the finding, which has not been attacked. The evidence is not before us.

The court found that "the defendant agreed to pay the plaintiff $2.00 an hour for his services in designing, planning, looking after and directing the work"

and to pay him for further charges not here in question. Following a semicolon, the finding proceeds to state that "the defendant further agreed to pay the plaintiff for the materials, which the plaintiff was either to manufacture or purchase, by which the plaintiff meant and he understood the defendant to understand that the cost of such materials to the latter would be the actual cost to the plaintiff plus a reasonable profit thereon." There is a later finding that both parties understood by their agreement that the plaintiff was to receive a reasonable profit. We find nothing in the law which, under the facts of this case, forbids the trial court to give effect to the actual understanding of the parties. The case does not involve an integrated contract, where it is not permissible to show an understanding of the parties which runs counter to the meaning of the words used when read in the light of surrounding circumstances. *Hartford Building & Loan Assn.* v. *Goldreyer,* 71 Conn. 95, 103, 41 A. 659; *DiBlasi* v. *DiBlasi,* 114 Conn. 539, 544, 159 A. 477. In the case of an unintegrated contract, more liberality is permissible in carrying out the actual intention of the parties. See 3 Williston, Contracts (Rev. Ed.) § 605; Restatement, 1 Contracts § 233. The agreement "to pay" the plaintiff for the materials necessarily implied a price to be paid. When the trial court found that both parties understood that, by this provision, the plaintiff was to receive a reasonable profit upon the materials, it properly gave effect to that understanding. *Mazzotta* v. *Bornstein,* 104 Conn. 430, 439, 133 A. 677; *Gray* v. *Greenblatt,* 113 Conn. 535, 539, 155 A. 707; 4 Page, Contracts (2d Ed.) p. 3507 et seq. That would not in any way change or add to the contract but would explain a provision which was necessarily implied in it.

The court found that the profits allowed were reasonable, and in the absence of the evidence we have no basis upon which we could hold that the finding was not one the court could properly make.

The remaining question is whether the court erred in allowing interest from July 5, 1944, the date of the rendition of the last invoices. It is the rule in many jurisdictions that interest cannot be recovered in an action of contract upon an unliquidated or disputed claim. This arbitrary test has never been adopted for general application in this state. *Stoddard* v. *Sagal*, 86 Conn. 346, 350, 85 A. 519. "The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." *Bernhard* v. *Rochester German Ins. Co.*, 79 Conn. 388, 398, 65 A. 134. The real question in each case is whether the detention of the money is or is not wrongful under the circumstances. *Capitol City Lumber Co.* v. *Sudarsky*, 95 Conn. 336, 341, 111 A. 349; *Venezia* v. *Fairfield*, 118 Conn. 325, 333, 172 A. 90. In *Loomis* v. *Gillett*, 75 Conn. 298, 53 A. 581, the action was brought to recover the price and value of services rendered and materials furnished by the plaintiff to the defendant. The bill of particulars specified the services rendered and materials furnished, giving the date of each item and the amount charged for the same. The trial court disallowed certain items and rendered judgment for the balance found due. It refused to allow interest by way of damages, upon the ground that the bill was a mere unliquidated account and was at all times a matter of dispute between the parties. We found error in the refusal to add interest, and said (p. 300): "The fact that the plaintiff, in demanding payment of the

money due him for his services, also demanded payment for other work for which the defendant was not liable, and the fact that the defendant fairly disputed the precise amount of the reasonable value of the services rendered, do not relieve the defendant from the duty of paying for the work he had ordered, within a reasonable time after its completion. . . . Upon an action to recover damage for the nonpayment of such debt, the plaintiff is entitled to recover damage for the unlawful detention of the sum due, measured by the amount of interest thereon from the time it became due to the date of judgment." Under the circumstances of this case, we cannot hold that the trial court erred in allowing interest.

The plaintiff, dissatisfied with the amount of interest allowed by the court, attempted to raise certain claims by way of a bill of exceptions. As a new trial is not ordered, we do not consider the bill of exceptions. *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 465, 190 A. 616.

There is no error.

In this opinion the other judges concurred.