HYMAN BERWISHT, EXECUTOR (ESTATE OF MOLLY BERWISHT VENICK) *v.* ABRAHAM VENICK ET AL.

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 25372
                          AT WATERBURY

Memorandum filed November 19, 1959

*Weisman & Weisman,* of Waterbury, for the plaintiff.

*Gordon, Muir & Fitzgerald,* of Hartford, for the defendants.

SHANNON, J. This is an action for wrongful death caused by an automobile owned and operated by Benjamin Venick, late of Brooklyn, New York. The

accident occurred on the Merritt Parkway, in the town of Norwalk. The plaintiff's decedent, late of Waterbury, Connecticut, was a passenger in the car. Benjamin Venick died before the bringing of this action. Service was made upon the commissioner of motor vehicles, in accordance with § 52-62 of the General Statutes, which provides that "[a]ny nonresident of this state who causes a motor vehicle to be operated upon any public highway of this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against such person on account of any claim for damages resulting from the alleged negligence of such nonresident or his agent or servant in the operation of any motor vehicle upon any public highway in this state may be served upon said commissioner and shall have the same validity as if served upon such nonresident personally." It then outlines the procedure to be followed in making service, which is not questioned here.

The plea to the jurisdiction claims that this does not authorize service upon the commissioner in the action against defendants herein, who are nonresident executors of the estate of Benjamin Venick, deceased, late of Brooklyn, New York. If this were a case of first impression the court might overrule the plea. But the Supreme Court decided in *Brogan* v. *Macklin,* 126 Conn. 92, 94, that the death of the nonresident who causes a motor vehicle to be operated upon our public highways revokes the appointment of the commissioner as attorney and renders the service upon him ineffective. It cites *DiBlasi* v. *DiBlasi,* 114 Conn. 539, 543, as its authority, despite the fact that that case exempts from such revocation by death powers coupled with an interest, and it overlooks the fact that in that case the grant was a personal one, wherein many intentions may be in-

ferred which do not exist where the designation is by statute as here. There does not seem to be any compelling reason why the court should have felt it necessary to give its interpretation such a narrow limit. However, this court feels bound by this ruling, which can only be revoked or modified by the Supreme Court itself. Perhaps the legislature could be persuaded to enlarge the scope of the statute. But lacking either, and acting reluctantly, the plea to the jurisdiction must be and is sustained.

Judgment may enter accordingly.