## LEWIS J. SOMERS *v.* ANNA KRUPA ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 3—decided March 1, 1960

*Michael J. Daly III,* for the appellants (defendants).

*T. Holmes Bracken,* for the appellee (plaintiff).

KING, J.   The plaintiff, an attorney at law, sued to recover the reasonable value of legal services rendered the four defendants, Anna, Joseph, Margaret and Stanley Krupa, who are brothers and sisters.

The principal work performed by the plaintiff was in the preparation, presentation and settlement of four claims, one on behalf of each defendant, against the estate of Mary A. Begley, who died testate in Meriden on November 7, 1954, leaving a large estate.   Each defendant agreed to pay the plaintiff a sum not to exceed one-third of any amount recovered, and each paid a retainer of $100. None of the defendants was an heir at law of the decedent.   Under the terms of the will, which had been admitted to probate for some time when the plaintiff was first consulted by the defendants, Anna was bequeathed $300; Joseph, nothing; Margaret, $200; and Stanley, $200.   After much time and effort, the plaintiff succeeded in obtaining from the executors an offer to compromise the four claims of the defendants for a total of $19,500.

At a conference in the plaintiff's office which was attended by the four defendants, the plaintiff informed them of the offer and explained that in ad-

dition to the $19,500 to be paid in settlement of the claims the three bequests, aggregating $700, would be paid, making a total of $20,200; that the plaintiff's charge for services would be 25 per cent or $5000; and that the compromise would be subject to the approval of the Probate Court, under General Statutes § 45-231, after a hearing. The defendants agreed to the proposed settlements. On October 27, 1955, the Probate Court, after a hearing, approved the compromise of the claims at the following figures: Anna, $9413; Joseph, $673; Margaret, $2690; and Stanley, $6724. During the entire probate proceedings Anna sat within easy hearing distance, made no objection, and, when asked, said that she had nothing to say. In negotiations and discussions with the plaintiff when all the defendants were not present, Anna had acted as spokesman for the other three defendants. Within a week after the approval of the compromise, the plaintiff wrote each defendant advising that he had the checks representing the settlement money. Receiving no response, he wrote again in about two weeks. A few weeks later, all four finally came to his office, stated that they were convinced, as they had been from the beginning, that the testatrix had left another will containing bequests to them equal to those given her heirs at law in the will admitted to probate, and refused to do anything about the settlement until such a will was found. Diligent search had failed to locate any such will. The defendants have persisted, and still persist, in their refusal to execute releases and carry out the settlement. Finally, the plaintiff instituted this suit. The court found, in addition to the foregoing facts, that the settlement of the claims was a generous one, that the plaintiff had rendered the defendants diligent, faithful and competent pro-

fessional services, and that those services were reasonably worth a total of $5000, to be paid by the defendants in the following manner: Anna, $2413; Joseph, $173; Margaret, $690; and Stanley, $1724. The defendants do not attack the accuracy of the computation or allocation of these four sums; they deny the plaintiff's right to any fee at all.

At the trial, the defendants made but two claims: first, that they had not agreed to or authorized the settlement, and second, that there was an agreement that the plaintiff was to be paid his fee by the estate and therefore he could not recover it from the defendants. Both of these claims raised questions of fact, and their resolution in favor of the plaintiff is amply supported by the unchallenged subordinate facts in the finding.

Prior to the hearing in the Probate Court on October 27, 1955, the defendants knew that the plaintiff's charge for services would be $5000. The court allowed interest on that amount from the date when the settlement money became available to the defendants; it was justified in doing so. General Statutes §§ 37-1, 37-3; *Stoddard* v. *Sagal*, 86 Conn. 346, 350, 85 A. 519; *Gilpatric* v. *National Surety Co.*, 95 Conn. 10, 25, 110 A. 545; *Lewin & Sons, Inc.* v. *Herman*, 143 Conn. 146, 151, 120 A.2d 423. The other assignments of error either are not properly before us (Practice Book §§ 154, 155) or do not merit discussion.

There is no error.

In this opinion the other judges concurred.