[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On behalf of the plaintiff, Pedro Mendoza, on June 24, 1993, his attorney issued a civil summons directed to Donald E. Luzusky, 405 Washington Avenue, in Waterbury, with a complaint, and gave it to a sheriff for service. On June 29, 1993, the sheriff served a copy of the summons and complaint by leaving a copy at the usual place of abode of Debra Luzusky, "exec. of the Estate of Donald E. Luzusky" at 405 Washington Avenue, in Waterbury. Afterward that day, the sheriff left another copy at the Department of Motor Vehicles and mailed another copy certified mail, return receipt requested, to "Donald E. Luzusky, 465 Washington Avenue, Waterbury." On July 1, 1993, the sheriff received the registry from certified mail returned "Unclaimed, — Deceased." It is not disputed that at all times in June, 1993, Donald E. Luzusky was deceased.
The court finds further proven by the defendant that no estate was opened in the Waterbury Probate Court for Donald E. Luzusky at any time, and that Debra Luzusky was never so appointed executrix or administratrix of such an estate.
Arguing this is a motor vehicle accident tort case, the plaintiff seeks to justify service upon the Department of Motor Vehicles. In Brogan v. Macklin, 126 Conn. 92 (1939), the Supreme Court held that death terminated a non-resident operator's appointment of the Commissioner of Motor Vehicles for service. Subsequently, the General Assembly provided that the death of the non-resident motorist would not constitute a revocation of the Commissioner's appointment and, if such service was made and a copy sent to the administrator, executor CT Page 9303 or other legal representative of the deceased, the service shall be a valid as if made on such a fiduciary personally. Such provisions are not included in Section 52-63, covering service upon resident motorists. This would lead the court to hold the principles of the Brogan case apply revoking by death the appointment of the Commissioner in the case of resident deceased motorists. In any event, since there is no administrator, executor, or legal representative for the deceased, an application of the non-resident motorist provisions would not validate service here.
The service upon Debra Luzusky is of no effect since she is and was not a representative of the deceased named defendant or his estate at the time.
Accordingly, the motion to dismiss is granted.