[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#115)
CT Page 12218
The plaintiff, Vinal Michaud, initiated this action against the defendants, Anthony and Barbara Anzellotti, to recover payment for work performed during the construction of a house for the defendants. The plaintiff filed a two count revised complaint on December 2, 1993 alleging breach of contract and unjust enrichment. The complaint alleges the following facts. The plaintiff does business as Pine Ridge Construction Company. During construction of the defendants' new home in Torrington from May 1988 to July 1990, the plaintiff incurred higher expenses due to changes in construction. Prior to incurring these expenses, the plaintiff notified the defendants, who orally agreed to pay for the expenses. The defendants have failed to pay.
The defendants filed a special defense to both counts of the complaint alleging that the cause of action was not brought within the statute of limitations.
On July 12, 1994, the defendants filed a motion for summary judgment and attached supporting affidavits, attachments, and a memorandum of law. On July 29, 1994 the plaintiff timely filed a memorandum in opposition to the motion for summary judgment.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Practice Book Sec. 384; Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont, 229 Conn. 99, 105,639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." WaterWay Properties v. Colt's Mfg. Co., supra, 664. "The test is whether a party would be entitled to a directed CT Page 12219 verdict on the same facts." Haesche v. Kissner,229 Conn. 213, 217, ___ A.2d ___ (1994).
The defendants argue that the plaintiff failed to commence this action with the time limit of the applicable statute of limitations. The defendants argue that Gen. Stat. Sec. 52-581(a), which sets forth a three year time limitation, is applicable to this action based on oral contracts. Since this suit was commenced more than four years after the date of the last oral contract alleged, the defendants argue that it is barred by Section 52-581(a).
The plaintiff argues that Sec. 52-581(a) does not apply, but instead that the six year time limitation of Gen. Stat. Sec. 52-576 applies. The plaintiff argues that Sec. 52-581(a) applies only to executory contracts, and since the plaintiff's performance was alleged to be completed, that section does not apply.
General Statutes Section 52-581(a) provides:
 No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues.
Conn. Gen. Stat. Sec. 52-581(a). The time limitation of Sec. 52-581
applies to executory contracts only. Hitchcock v. Union NewHaven Trust Co., 134 Conn. 246, 259, 56 A.2d 655 (1947). The statute of limitations governing a contract which a party has fully performed is Sec. 52-576, which provides a time limitation of six years. Tierney v. American v. Urban Corporation,170 Conn. 243, 249, 365 A.2d 1153 (1976); Campbell v. Rockefeller,134 Conn. 585, 588, 59 A.2d 524 (1948). Where a party has fully performed under an alleged oral contract, Sec. 52-576's six year limitation applies and not the three year limitation set forth in Sec. 52-581. Hitchcock v. Union New Haven Trust Co., supra;Tierney v. American Urban Corporation, supra; Campbell v.Rockefeller, supra; and Capace v. Morcaldi, 37 Conn. Sup. 735,741, (App.Ct. 1981).
The complaint alleges that while constructing the plaintiff's CT Page 12220 house from 1988 to 1990, additional expenses were incurred due to changes in construction. It further alleges that prior to incurring these expenses, the defendants orally agreed to pay, but have since refused. The plaintiff is basically alleging that it performed under oral agreements with the defendants and now seeks payment. When the plaintiff incurred the expenses, "`everything that was to have been done [under the alleged contract] by the plaintiff had been done, and all that remained was to pay him.'"Tierney v. American Urban Corporation, supra, 170 Conn. 249, quoting Campbell v. Rockefeller, supra, 134 Conn. 587. "Since the plaintiff's performance was alleged to have been completely executed, Sec. 52-576 established the applicable limitation period." Tierney v. American Urban Corporation, supra. The allegations of the plaintiff's complaint concern a time period of May 1988 to July 1990. "An action is commenced on the date of service of the writ upon the defendant." (Citations omitted.)McGaffin v. Roberts, 193 Conn. 393, 401 n. 9, 476 A.2d 1057 (1984). The sheriff's return indicates that he served the defendants on February 4, 1993, within the six year limitation of Sec. 52-576.
The defendants have presented no evidence to show that the plaintiff did not complete performance under the alleged oral contract. The defendants' affidavits show only that the plaintiff did not perform work on or in the defendants' home after January of 1989. The affidavits do not address the issue of whether the plaintiff completed performance under the alleged oral contracts. The defendants have failed to show "the absence of any genuine issue as to all material facts." Suarez v. Dickmont, supra,229 Conn. 105. Therefore, summary judgment is not appropriate and the defendants' motion is denied.
PICKETT, J.