## JOHN CACACE *v.* FRANK MORCALDI

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1041

Argued April 21 – decided August 28, 1981

*Fred H. White, Jr.,* for the appellant (plaintiff).

*David H. Johnson,* for the appellee (defendant).

SHEA, J. The plaintiff has appealed from a summary judgment rendered by the trial court which upheld the special defense of the statute of limitations raised by the defendant against each of the three counts of the complaint. The suit arose out of the claimed defective construction of a chimney and fireplace which the defendant, a masonry contractor, built as an addition to the plaintiff's house in East Haven. The complaint alleged a breach of an implied warranty of fitness for a particular purpose in the first count, a breach of an implied warranty of merchantability in the second count and negligence on the part of the defendant in the third count. The issues presented by the appeal are: (1) whether the statute of limitations for product liability claims, General Statutes § 52-577a, is applicable; (2) whether the negligence count is barred by the provisions of § 52-584, the statute of limitations for injuries to persons or property; and (3) whether the breach of warranty claims are governed by the four-year Uniform Commercial Code statute of limitations, General Statutes § 42a-2-725, or by the six-year statute of limitations for simple or implied contracts, General Statutes § 52-576.

The defendant filed a brief with his motion for summary judgment, relying wholly upon the allegations of the complaint as the factual basis for the motion. The plaintiff filed a detailed opposing affidavit which set forth the following facts:

In June, 1973, the plaintiff entered into an oral agreement with the defendant for the construction of a chimney and fireplace for his house in East Haven at

a price of $1100. Half of this sum was paid to the defendant at the time of the agreement and the balance was paid at the time the job was completed, July 7, 1973.

In June or July, 1976, the plaintiff noticed that the chimney was beginning to lean away from the house. He contacted the defendant who came to the house a few days later and attempted to fill the space where the chimney had separated from the house with some caulking material. Four months later the plaintiff noticed that the chimney had pulled farther away from the house. Again he contacted the defendant who assured him that the situation would get no worse and that it was not serious. The condition of the chimney continued to deteriorate. After repeated attempts to have the defendant correct the condition the plaintiff employed another contractor, who proceeded to reconstruct the chimney in September, 1977, at a cost of $2200. The plaintiff had engaged an attorney on May 24, 1977, who wrote a letter to the defendant demanding some action in satisfaction of the claim. This suit was not commenced until May 28, 1978.[2]

I

The parties have briefed the issue of the applicability of the product liability statute of limitations, General Statutes § 52-577a, which allows a product liability claim to be brought within three years of the discovery of the damage but not later than ten years after a party "last parted with possession or control of the product," in terms of whether the causes of action alleged may properly be classified as a product liability claim under General Statutes § 52-572m. As the court advised counsel during argument of the appeal,

---

[2] The plaintiff's affidavit states that the suit was started on May 28, 1978. The sheriff's return indicates that the defendant was served on May 27, 1978. This discrepancy is of no significance upon the issues raised in this appeal.

subsection (e)[3] of § 52-577a makes it clear that this statute of limitations does not apply to cases pending on October 1, 1979, such as the case before us. We have no occasion, therefore, to discuss the question of whether a claim for defective performance of a construction contract falls within the definition of "product liability claim" in § 52-572m (b), a statute which also became effective on October 1, 1979, after this suit had been commenced.

## II

The third count of the complaint alleges that the defendant was negligent in constructing the chimney, in failing to follow the standard of care used by other contractors, and in failing to inspect the work "before, during and/or [sic] after the installation of the same." The plaintiff's affidavit states that the job was completed on July 7, 1973, but that the defendant applied some caulking material in June or July, 1976. General Statutes § 52-584 provides in part that "[n]o action to recover damages for injury to . . . real or personal property, caused by negligence, . . . shall be brought but within two years from the date when the injury is first sustained or discovered . . . except that no such action may be brought more than three years from the date of the act or omission complained of." The plaintiff concedes that his action would ordinarily be barred by the terms of this statute, since it was brought almost five years after the date of completion of the work. He claims, however, to rely upon the breach of a duty on the part of the defendant to inspect and to repair the defectively constructed chimney which continued long after its completion. "When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." *Handler* v.

---

[3] Subsection (e) of General Statutes § 52-577a is as follows: "The provisions of this section shall apply to all product liability claims brought on or after October 1, 1979."

*Remington Arms Co.*, 144 Conn. 316, 321, 130 A.2d 793 (1957). The complaint does allege as an act of negligence the failure to inspect the chimney "after the installation of the same." Neither the complaint nor the affidavit of the plaintiff, however, indicates any circumstances giving rise to a continuing duty on the part of the defendant to make such inspections. The plaintiff claims no custom or practice which would call for inspections of completed work by masonry contractors over such an extended period of time as would be necessary to avoid the bar of the limitations statute in this case. The caulking done by the defendant in the summer of 1976, as mentioned in the affidavit, is of no avail in tolling the statute. It does not appear that this work made the situation any worse nor is it the "act or omission complained of," since no reference to it is made in the complaint. The gravamen of the plaintiff's claim is the defective construction of the chimney, an act which occurred in 1973, the date from which the statute of limitations ran, although the results may not have developed until much later. *Kennedy* v. *Johns-Manville Sales Corporation*, 135 Conn. 176, 180, 62 A.2d 771 (1948); *Giambozi* v. *Peters*, 127 Conn. 380, 384, 16 A.2d 833 (1940).

## III

The trial court upheld the defendant's contention that the causes of action for breaches of implied warranties of fitness and merchantability in the first and second counts of the complaint were barred by the four-year statute of limitations; General Statutes § 42a-2-725; which pertains only to actions for breach of a contract of sale under the Uniform Commercial Code. This statute, however, is inapplicable because the term, "contract of sale," is limited to agreements "relating to the present or future sale of goods." General Statutes § 42a-2-106 (1). "Goods" means movables or personal property and could not very well

include services performed in completing a chimney intended to be permanently affixed to a house. General Statutes § 42a-2-105 (1). It is perfectly clear that if any implied warranties existed between the parties they did not arise by virtue of any provision of the Uniform Commercial Code. Ibid.; see General Statutes §§ 42a-2-314, 42a-2-315.

The plaintiff's cause of action was essentially one for breach of a contract for services in failing to perform the task agreed upon in a workmanlike manner. Although the first and second counts employ the usual phraseology of suits for breaches of implied warranties arising in the sale of personal property under the Uniform Commercial Code; General Statutes §§ 42a-2-314, 42a-2-315; the omission of the warranty allegations would leave a cause of action for simple breach of contract. In considering an appeal from a summary judgment disposing of a claim with finality, we are not primarily concerned with pleading deficiencies which upon a proper motion addressed to them might have been corrected by amendment. Our concern is whether upon the whole record, including the affidavits or other documents filed in connection with the motion, there are undisputed facts clearly establishing that the particular claim is not viable. Practice Book § 384. The facts set forth in the plaintiff's affidavit,which have not been opposed by any counteraffidavit of the defendant, indicate a facially meritorious claim for breach of an agreement to construct a chimney in a workmanlike manner, commonly an implied covenant of such a contract. See *Kennedy* v. *Johns-Manville Sales Corporation,* supra, 177. Those facts are provable within the framework of the complaint which, despite its surplusage, cannot be construed as alleging merely a cause of action based upon implied warranties under the Uniform Commercial Code, to which the four-year limitation of § 42a-2-725 would apply.

Upon this appeal the defendant claims that, even if the trial court erred in relying upon § 42a-2-725, the action is nonetheless barred by the three-year statute of limitations for actions "founded upon any express contract or agreement not reduced to writing." General Statutes § 52-581. In his affidavit the plaintiff concedes that his agreement with the defendant was oral. He seeks the benefit of the six-year statute of limitations for actions on "any simple or implied contract." General Statutes § 52-576. In attempting to reconcile those two statutes to create one "harmonious body of law" a construction has been adopted restricting § 52-581 to executory contracts only. *Hitchcock* v. *Union & New Haven Trust Co.,* 134 Conn. 246, 259, 56 A.2d 655 (1947). The statute of limitations governing a contract which a party has fully performed is § 52-576. *Tierney* v. *American Urban Corporation,* 170 Conn. 243, 249, 365 A.2d 1153 (1976); *Campbell* v. *Rockefeller,* 134 Conn. 585, 588, 59 A.2d 524 (1948). In the present case it is not disputed that the plaintiff fully performed his obligation to pay the defendant in accordance with their agreement. "Since the plaintiff's performance was alleged to have been completely executed, § 52-576 established the applicable limitation period." *Tierney* v. *American Urban Corporation,* supra. It has been expressly held that § 52-576 is the appropriate statute of limitations for a claim of failure to perform a completed home improvement contract in a workmanlike manner. *Kennedy* v. *Johns-Manville Sales Corporation,* supra, 179. The complaint before us, which was brought within five years after completion of the work, obviously is not barred by the six-year limitation of § 52-576.

There is no error with respect to the judgment entered upon the third count of the complaint alleging negligence.

There is error in granting summary judgment for the defendant upon the first and second counts of the complaint, the judgment upon those counts is vacated and the case is remanded for further proceedings.

In this opinion DALY and BIELUCH, Js., concurred.