[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM REOPENING SUMMARY JUDGEMENT (7/21/92) AND GRANTING SUMMARY JUDGMENT ON FIRST AND SECOND COUNTS ONLY
On July 21, 1992, the court granted the defendants' motion for summary judgment on all counts of the three-count complaint. The motion was on the non-arguable short calendar for July 13, 1992, at 9:30 a.m. and was denied by the court without the benefit of the plaintiff's memorandum and affidavit opposing the motion, which was filed on July 13, 1992, at 2:51 p.m. in the clerk's office, but never called to the court's attention before the decision was rendered.
On November 20, 1992, the plaintiff's counsel filed a motion to reargue, after first learning in late October, 1992, that a summary judgment had been granted for the defendants. This motion was supplemented by an affidavit of counsel filed on January 15, 1992, indicating that the clerk's office had failed to notify the plaintiff's counsel of the summary judgment. Counsel states that copies of the judgment had been sent to his two former addresses and no notice had been sent to his current address, which was on file with the clerk's office pursuant to P.B. 27.
At the hearing of these motions on March 26, 1993, counsel for the defendants did not dispute the facts contained in the affidavit of the plaintiff's counsel and did not oppose the motion to reargue. Accordingly, that motion is granted and the prior judgment filed on July 21, 1992 is set aside.
With respect to the motion for summary judgment on the first count, which alleges breaches of fiduciary duties on the part of the defendant Gorman, the plaintiff agrees that General Statutes 52-577 bars that claim because this action was brought more than three years after the wrongful conduct alleged. Similarly, the claim alleged in the second count, which is directed against the defendant Micro-Tech on the basis of the wrongful conduct of the defendant Gorman, is barred by 52-577. Both parties agree that the only remaining issue is CT Page 3132 whether the third count, which alleges a breach of a contract for services entered into on or about December 1, 1982, between the plaintiff and the defendant Micro-Tech, is barred because the action was commenced more than three years after the contract had been performed by both the plaintiff and Micro-Tech.
The third count, which is directed solely against the defendant Micro-Tech and includes paragraphs 1, 2 and 6 of the first count, alleges that the plaintiff was incorporated on September 3, 1992, to perform investigative services with respect to fraudulent or unauthorized use of mechanical or electrical devices. It further alleges that on December 1, 1982, Micro-Tech entered into a contract with the office of the chief state's attorney to furnish data and information relating to jai-alai operations and gaming in this state for compensation at specified rates for its employees. At about the time of its contract with the state, the plaintiff also entered into a contract with Micro-Tech, which agreed to perform certain computer services for the plaintiff related to the performance of its contract with the state. On or about November 1, 1983, Micro-Tech ceased performance of its contract with the plaintiff because, as a result of the efforts of the defendant Gorman while he was a director of the plaintiff corporation, the state began to employ Micro-Tech directly to perform the services that previously had been provided by the plaintiff. These allegations of the third count are supported by the affidavit of William DePersis filed in behalf of the plaintiff.
The defendants' special defense to the third count raises the "statute of limitations" as a bar to that count without specifying the particular statute relied upon. In the memorandum of law supporting the motion for summary judgment, however, the defendants refer to General Statutes 52-581(a), which provides that "[n]o action founded on any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues." The return of service indicates that the complaint was served on the defendants on August 10, CT Page 3133 1987, and the affidavit of William DePersis, the president of the plaintiff corporation, indicates that the cause of action arose "on or about November 1, 1983," when Micro-Tech contracted with the state to perform the services that had previously been performed by the plaintiff. It is clear that, if 52-581(a) applies, the third count is barred for failure to commence the action within three years after accrual of the cause of action.
The plaintiff seeks to avoid the three year limit of 52-581(a) on two grounds: (1) the contract between the plaintiff and Micro-Tech, even if not in writing, has been fully executed by both parties and, therefore, is governed by the six year limitation of General Statutes52-576 rather than by 52-581(a); and (2) by virtue of a letter signed by the defendant Gorman as president of Micro-Tech addressed to its subcontractor for performance of services "for the contract between Search Four, Inc. and Micro-Tech Computer Services," the agreement between the plaintiff and Micro-Tech falls within the exception from 52-181(a) for agreements "of which some note or memorandum has been made in writing signed by the party to be charged therewith or his agent."
In Hitchcock v. Union of New Haven Trust Co.,134 Conn. 246, 259 (1947), the court reconciled the apparent conflict between the three year limitation of 52-581(a) for "any express contract or agreement which is not reduced to writing" and the six year limitation of52-576 for "any simple or implied contract" by holding that the former applied "only to executory contracts." See Tierney v. American Urban Corporation, 170 Conn. 243,249 (1976). The plaintiff maintains that its contract with Micro-Tech has been executed by both parties in that all services to be performed thereunder have been completed and payment for them has been made. The defendants do not dispute this contention but argue that this case, which is apparently based on a claimed breach of an implied condition of the contract, is distinguishable from those cases that have declared the three year statute inapplicable to contracts for payment of money after the provider of services has fully performed his obligations.
It is true that most of the cases in which the six CT Page 3134 year statute has been deemed applicable because the contract has been regarded as executed have involved a suit for payment after all the obligations of the plaintiff have been fulfilled. Hichcock v. Union of New Haven Trust Co., supra; Campbell v. Rockefeller,134 Conn. 585, 587-88 (1948); Anderson v. Bridgeport,134 Conn. 260, 263 (1947); Tierney v. American Urban Corporation, 170 Conn. 243, 248-49 (1976). In Mac's Car City, Inc. v. De Nigris, 18 Conn. App. 525, 530-31
(1989), however, the Appellate Court indicated that an action for defective performance of a contract to provide legal services to the plaintiff would not be barred by the three year statute if the plaintiff had fully performed his obligations thereunder. Also, the Supreme Court, in two cases involving claims of defective performance of construction contracts, has indicated that the pertinent limitation is six years as provided by52-576 if the contracts have been executed. Kennedy v. Johns-Manville Sales Corporation, 135 Conn. 176, 179
(1948); Beckenstein v. Potter Carrier, Inc., 191 Conn. 150,156 (1983). The Appellate Division of the Superior Court has expressly held that a claim for defective performance of a construction contract by an owner who had paid the builder in full was an executed contract governed by the six year limitation of 52-576. Cacace v. Morcaldi, 37 Conn. Sup. 735, 741 (1981). The court concludes that the third count is not barred by52-581(a) in the light of these precedents. It is unnecessary, therefore, to discuss the second ground upon which the plaintiff relies to avoid the application of that statute.
It is ordered that the summary judgment filed on July 21, 1992, be reopened and vacated. It is further ordered that the motion for summary judgment be granted with respect to the first and second counts of the complaint and that it be denied with respect to the third count.
David M. Shea State Trial Referee CT Page 3135