[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Huntington Condominium Association, Inc., filed a two count complaint on May 13, 1994, against the defendants, Thomas Buffington and CNA Insurance Company, alleging injury from construction work completed by Thomas Buffington. The plaintiff alleges that on or about February 15, 1985 the parties entered into a contract to replace the roof and to do certain work in connection with the roof. The plaintiff further alleges that the contract provided, among other specifications, that the defendant would install roofing shingles with a twenty-five year warranty.
In the first count the plaintiff alleges that Buffington breached the contract by failing to abide by the warranty in that the materials were defective and installed in an unworkmanlike CT Page 257 manner and that large portions of the work violated local and state rules, regulations and building codes.
The plaintiff brought a second count against CNA Insurance Company, Buffington's insurer, alleging that it is responsible for damages the plaintiff has incurred and will incur as a result of Buffington's work. The claim against CNA Insurance Company was withdrawn on July 22, 1994.
Buffington filed a motion for summary judgment and a memorandum in support of the motion on June 28, 1994, claiming that the plaintiff's cause of action is barred by the applicable statute of limitations.[1] Buffington attached his affidavit to his motion and a copy of the contract between his roofing business and the plaintiff. The plaintiff filed a memorandum in opposition on July 18, 1994, and attached the affidavit of Alfred Allesandria, the president of the plaintiff corporation.
"Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989).
In his motion for summary judgment Buffington claims that the action is barred by the applicable statute of limitations. He contends that, pursuant to either a tort or a contract theory, the cause of action is barred under the applicable statute of limitations. The plaintiff argues, however, that the action is a breach of warranty action. It claims that the cause of action for breach of warranty does not accrue until that warranty is breached, and, therefore, the action is not barred by any statutes of limitations.
General Statutes § 52-576(a) sets forth the statute of limitations for contract actions and it provides in pertinent part that "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ." General Statutes § 52-576(a). CT Page 258
Pursuant to General Statutes § 52-584 the applicable statute of limitations for a claim based on a tort theory is "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ."
The facts presented in this case are similar to the facts ofBeckenstein v. Potter Carrier, Inc., 191 Conn. 150, 464 A.2d 18
(1983). In Beckenstein, the parties entered into a contract for the installation of a "twenty year smooth surface asbestos roof (Bonded)." Id., 152. The roof leaked, and the owners of the building brought an action alleging claims against the construction company and the manufacturer of the roofing materials. Specifically, the plaintiffs alleged a breach of contract claim as well as a products liability claim. One of the defendants raised a statute of limitations defense to the plaintiffs' breach of contract claim, and in construing the applicable statute of limitations, General Statutes § 52-576, the court explained that the plaintiffs' cause of action was barred unless it "accrued" within six years of the date the writ was served upon the defendants. Id., 156. In deciding when the statute of limitations began to run, the court in Beckenstein
ruled that "the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted," and that the injury was inflicted when the defendants completed the roof. (Internal quotation marks omitted.) Id. In the present case the work was completed in May of 1985. Therefore, the plaintiff's cause of action is time-barred under a contact theory.
As previously stated, the plaintiff characterizes its claim as a breach of warranty action and argues that its cause does not accrue until the warranty is breached. Similarly, the Beckenstein
plaintiffs claimed that "the roofing `system' that was installed by [the roofer] and manufactured by [the manufacturer] should be considered the sale of a product for the purpose of determining whether a warranty attached to it. They further contend[ed] that even if the warranties provided for by the UCC are inapplicable, the complaint is not limited to statutory warranties; rather, it raises an issue of warranty under Connecticut case law." Id., 164. The court ruled that even "[u]nder the common law theories, the breach of warranty claims would be controlled by the statute of limitations applicable to contracts . . . or would be CT Page 259 controlled by the statute of limitations applicable to tort actions." (Citation omitted.) Id., 164.
The plaintiff in the present case argues that the bond is an express warranty that the roof will last twenty-five years. "Where the manufacturer or producer makes representations in his advertisements or by his labels on his products as an inducement to the ultimate purchase, the manufacturer or producer should be held to strict accountability to any person who buys the product in reliance on the representation and later suffers injury because the product fails to conform to them." Hamon v. Digliani,148 Conn. 710, 718, 174 A.2d 294 (1961). These representations, "by [their] own terms, [purport] to make a warranty with respect to the future condition of the chattel, or, as it is described in the Uniform Commercial Code, `explicitly extends to future performance of the goods.'" Rempe v. General Electric Co.,28 Conn. Sup. 160, 254 A.2d 577 (Super.Ct. 1969), quoting General Statutes § 42a-2-725(2).
Section 42a-2-725(2), however, does not apply to this case. "It has been expressly held that § 52-576 is the appropriate statute of limitations for a claim of failure to perform a completed home improvement contract in a workmanlike manner."Cacace v. Morcaldi, 37 Conn. Sup. 735, 435 A.2d 1035 (App. Sess. 1981), citing Kennedy v. Johns-Manville Sales Corp., 135 Conn. 176,179, 62 A.2d 771 (1948). Furthermore, the Beckenstein case addressed alternative theories under the common law and the Uniform Commercial Code and held that all claims were barred by the statute of limitations. "[W]hile the application of [this] rule may result in occasional hardship, it is well established that ignorance of the fact that damage has been done does not prevent the running of the statute." (Internal quotation marks omitted.) Beckenstein v. Potter Carrier. Inc., supra,191 Conn. 156.
The defendant's motion for summary judgment is granted.