[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#289)
On October 6, 1993, the plaintiff, First Stamford Place Co., filed its sixth revised complaint against the defendants, Tishman Construction Corp. (Tishman), The Fusco Corp. (Fusco), M. Gottfried, Inc. (Gottfried), MacDonald Becket, Welton Becket Associates, Ellerbe Becket, Inc. (the Becket defendants), Lev Zetlin Associates, Inc. (Zetlin), Desco Products of Connecticut, Inc. (Desco), and master Builders (Master). Counts one through five, seven, ten, and eleven allege breach of contract against Tishman, Fusco, Gottfried, the Becket defendants, Zetlin, and Desco. Counts six and eight allege negligence and professional malpractice against the Becket defendants and Zetlin while count nine alleges negligence against Desco. The plaintiff alleges in CT Page 2611 count twelve that Desco entered into a contract with the plaintiff to install a Macnaughton-Brooks Waterproofing System on the decks of the parking garage that the plaintiff was having built. The plaintiff further alleges that Macnaughton-Brooks was the predecessor in interest to Master, and that Master gave the plaintiff a guarantee in the contract for garage waterproofing, dated July 15, 1985, that it would repair any damage, defects or fault in the parking garage that appeared within three years. The plaintiff also alleges that Master gave warranties and guarantees to the plaintiff in the form of product specifications, advertisements and bulletins. The plaintiff alleges that Master has refused to repair or make good the damage resulting from the defective work and materials furnished by Desco, thereby breaching its contract with the plaintiff.
On August 15, 1994, Master filed a motion for summary judgment on the grounds that the plaintiff's cause of action is barred by General Statutes § 42a-2-725, and that the plaintiff has provided no evidence that the waterproofing material supplied by Master was defective. Master also filed a memorandum of law in support, Desco's response to plaintiff's interrogatory #28, Macnaughton-Brooks invoices for waterproofing product (Kelmar) shipped to Desco, a joint guarantee executed by Desco and Macnaughton-Brooks, a garage condition survey dated September 2, 1988, the summons filed January 5, 1993, against Master, and deposition testimony of the plaintiff's expert witness. The plaintiff, on October 7, 1994, filed a memorandum in opposition to Master's motion for summary judgment, a copy of the July 15, 1985 contract between the plaintiff, Tishman, and Desco, a Kelmar brochure, interoffice memoranda of Trizec Equities, Ltd. (Trizec), predecessor in interest to the plaintiff, an affidavit of Felix Siwanowicz, project manager of Trizec, correspondence between Desco and the plaintiff, Macnaughton-Brooks' Kelmar specifications, and a certificate of substantial completion.
Master argues that the plaintiff's action is barred by the statute of limitations under General Statutes § 42-2-725, and that the plaintiff has not presented any evidence that the Kelmar supplied by Macnaughton-Brooks was defective. The plaintiff responds that this action is governed by the six year statute of limitations for contracts under General Statutes § 52-576, and that Master breached a contractual obligation to repair defects caused by improper workmanship or defective materials.
Summary judgment may be granted where it is clear that a claim CT Page 2612 is barred by a statute of limitations. Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Citations omitted; internal quotation marks omitted.) Schuster v. Buckley,5 Conn. App. 473, 477, 500 A.2d 240 (1985); see also Engman v.Laschever, Superior Court, Judicial District of Hartford/New Britain, Docket, No. 513197 (January 21, 1994, Hennessey, J.).
General Statutes § 42a-2-725 provides in pertinent part that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has occurred. . . . A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."
Master contends that they sold goods, Kelmar, and that the breach of warranty occurred upon delivery, or at the latest upon installation which was complete by November of 1986. Master further argues that even if the warranty given by Macnaughton-Brooks is construed as warranting further performance, the plaintiff should have become aware of the defective application when it received the Hallsall Garage Condition Survey dated September 2, 1988, which is more than four years prior to the filing of the sixth revised complaint which added Master as a party in January of 1993.
The plaintiff maintains that Macnaughton-Brooks had a contractual obligation to repair defects in workmanship and materials which arose from the plaintiff's acceptance of Macnaughton-Brooks' offer to provide a three year warranty on labor and materials from the manufacturer and installer, the apparent authority of Desco to bind Macnaughton-Brooks to the July 15, 1985 contract, and from promissory estoppel based on representations of Macnaughton-Brooks and Desco that the Kelmar system was guaranteed by the manufacturer and installer against leaks from defects of material or workmanship. The plaintiff further argues that Masters had a duty from this contractual agreement to repair defects within three years and that the plaintiff has six years to bring this action from the time of CT Page 2613 Master's breach of the agreement under General Statutes § 52-576.
General Statutes § a-2-725 applies to transactions in goods. Kunian v. Development Corp. of America, 165 Conn. 300,307, 334 A.2d 427 (1973); Cacace v. Morcaldi, 37 Conn. Sup. 735,739, 435 A.2d 1035 (App. Sess. 1981). "[B]uilding and construction transactions which include materials to be incorporated into the structure are not agreements of sale." (Internal quotation marks omitted.) Myrtle Mills Associates v.Bethel Roofing, Inc., 10 Conn. L. Rptr. 49, 50 (September 14, 1993, Moraghan, J.), quoting Epstein v. Giannattasio, 25 Conn. Sup. 109,113 (C.P. 1963); see also Hines v. JMJ ConstructionCo., 8 Conn. L. Rptr. 232 (January 11, 1993, Miano, J.). Furthermore, "[i]n . . . hybrid transactions, the question becomes whether the dominant factor or `essence' of the transaction is the sale of the materials or the services." (Internal quotation marks omitted.) Myrtle Mills Associates v.Bethel Roofing, Inc., supra, 10 Conn. L. Rptr. 50.
The plaintiff has provided an affidavit of Felix Siwanowicz, who attests that he was involved in selecting contractors for the supply and installation of a Kelmar waterproofing system, and that the representative of Macnaughton-Brooks stated that "[t]he Macnaughton-Brooks product has a three year labor and material warranty jointly signed by the manufacturer and applicator." The affiant further attests that "a condition of any contract awarded for the installation of a Kelmar System was the provision of a joint-guaranty by the installer and Macnaughton-Brooks, Inc., the manufacturer, to repair and make good any damage, defects or fault resulting from imperfect or defective work or material on the project." The plaintiff also provided a brochure which states in part that the Kelmar product combines the "expertise of Certified Installers," "meticulous preparation of the slab," and also provides that "Kelmar is available only through factory trained, Certified installers." The evidence submitted by the plaintiff creates a genuine issue of material fact as to whether Master was selling goods, or whether this was a building and construction transaction. Since there is a question as to the applicable statute of limitations it is not properly decided on a motion for summary judgment.
Master also argues that the plaintiff has alleged a breach of Master's warranty "against proven defective materials . . . ." but the plaintiff has failed to provide any evidence that the CT Page 2614 material supplied was defective.
The plaintiff has alleged in count twelve that Master breached the guarantee contained in the July 15, 1985 contract, and also "warranties and guarantees contained in product specifications, advertisements and bulletins generated by Macnaughton-Brooks." The warranty Master refers to is dated June 15, 1987 and states "[w]e warrant against proven defective materials supplied by us for this installation for three years if used as intended or directed." The July 15, 1985, contract, which the plaintiff relies upon, is between Tishman and Desco, however, the plaintiff argues that Master is bound by the contract by virtue of Desco's apparent authority to act on [Macnaughton] Mcnaughton-Brooks' behalf.
"Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. . . . consequently, apparent authority is to be determined, not by the agent's own acts, but by the acts of the agent's principal. . . . The issue of apparent authority is one of fact to be determined based on two criteria. . . . First, it must appear from the principal's conduct that the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted [the agent] to act as having such authority. . . . Second, the party dealing with the agent must have, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority to bind the principal to the agent's action." (Citations omitted; internal quotation marks omitted.) Tomlinson v. Board ofEducation, 226 Conn. 704, 734-35, 629 A.2d 333 (1933).
Siwanowicz attests that the Macnaughton-Brooks representative stated that the Kelmar product has a three year labor and material warranty jointly signed by the manufacturer and the applicator. Furthermore, the Macnaughton-Brooks literature provides that Kelmar is only available through Factory-trained Certified Installers, and Macnaughton-Brooks' specifications provide in § 1.5.5.1 that the installer "[s]ubmit a 1 year warranty against leaks from defects of material or workmanship. Upon notification of such defects, within the warranty period, make the necessary repairs at the convenience of the Owner. Warranty shall be signed by the manufacturer and installer." The July 15, 1985 contract provides that "Contractor hereby agrees to make any and all repairs which may become necessary, during the CT Page 2615 guaranty and warranty period, on account of any faulty material furnished or faulty workmanship performed, and further agrees to repair and replace any damage caused thereby at any time or times during the guaranty period. . . ." This section also contains a marginal note which states that "[a] joint guarantee by Desco Products of Ct. Inc. Macnaughton-Brooks, Inc. for a period of three years will be given as each Bldg. is completed."
Evidence submitted by the plaintiff creates a genuine issue of material fact as to whether Masters had a contractual duty towards the plaintiff based on apparent authority. Masters maintains that the guarantee dated June 15, 1987, is the joint guarantee in question because it includes a guarantee from Desco for the installation, and a separate guarantee by Macnaughton-Brooks against defective materials. However, if Masters is bound by the July 15, 1985 contract under a theory of apparent authority, the question as to whether the guarantee provided on June 15, 1987 satisfies the guarantee contracted for is also a question of fact. In that the plaintiff is seeking to recover under a joint guarantee for defective installation, it need not produce evidence that the Kelmar was defective.
The plaintiff also argues that Masters is also liable under the doctrine of promissory estoppel.
"Under a promissory estoppel theory, a party may maintain a claim for damages based upon a promise which induces the party's action or forbearance, if such action or forbearance is undertaken in reasonable reliance upon the promise." Finley v.Aetna Life Casualty Co., 202 Conn. 190, 205, 520 A.2d 208
(1987).
As discussed above, the plaintiff has provided evidence that the representative of Macnaughton-Brooks stated that the product came with a joint guarantee for labor and materials, and specifications provided by Macnaughton-Brooks also provided for a joint guarantee for defects of material and workmanship. The plaintiff has also submitted inter-office memoranda of Trizec which recommends the Kelmar system, in part, because of the joint guaranty.
The plaintiff has provided evidence which demonstrates that there is a genuine issue of material fact as to whether Master guaranteed both installation and the product under a theory of, promissory estoppel. Furthermore, there are genuine questions of CT Page 2616 material facts as to the applicable statute of limitations, and as to the existence and extent of Master's guarantee. Accordingly, Master's motion for summary judgment as to count twelve of the sixth revised complaint is denied.
DEAN, J.