[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS AND CROSS-MOTION FOR SUMMARY JUDGMENT (##135, 137 139)
The plaintiff, Achille Presti, ("Presti"), filed a five count amended complaint, dated November 19, 1997, against the defendants, Dimensional Technologies, Inc., ("DTI"), and Peter J. Sorbo, Jr., ("Sorbo") (collectively "defendants"), sounding in non-payment for professional services rendered. Counts one through five respectively allege: breach of an alleged part-time employment contract by DTI for the period of July 1992 through November 1993, breach of an alleged full-time employment contract by DTI for the period of November 15, 1993 through July 1994, breach of an alleged part-time employment contract by Sorbo for the period of July 1992 through November 1993, breach of an alleged full-time employment contract by Sorbo for the period of November 15, 1993 through July 1994, and violation of the Wage Act, General Statutes § 31-71 et seq. By way of response the defendants filed an answer, special defenses and counterclaims. At issue is the defendants' motion for summary judgment #135 and amended motion #137, and Presti's cross-motion for summary judgment #139 based on the defendants' third counterclaim for vexatious litigation. The defendants have also submitted a reply memorandum #143 in further support of their motion for summary judgment. This reply memorandum is in response to Presti's memorandum of law in opposition to the defendants' motion for summary judgment #140. Amended motion #137 was added so that the motion for summary judgment as to count five would include a consideration of any claims against Sorbo personally. Motion #135 originally treated count five as a cause of action against DTI only.
By way of background, DTI and Sorbo were in the business of,inter alia, selling embossers, and holographic reading and recombining machines. Sorbo was the president and sole shareholder of DTI and Presti was allegedly employed as an CT Page 6164 engineer for DTI. Moreover, by purchase agreement dated September 1, 1994, Label Systems Co., ("LSC"), purchased DTI's assets. Affidavit of Peter J. Sorbo, p. 4, ¶ 16. LSC did not, however, purchase DTI's stock or any of DTI's liabilities. Integral to this purchase agreement was that Sorbo made the hiring of Presti by LSC a condition of sale, and in fact discounted the sale price of DTI by fifty-thousand dollars in exchange for the guarantee that Presti would have employment with LSC after the transfer of assets. Affidavit of Peter J. Sorbo, p. 3 ¶ 12. It seems important that Sorbo viewed his efforts in securing a position for Presti at LSC as a "full and final satisfaction of any claims Mr. Presti might have against me and/or DTI." Affidavit of Peter J. Sorbo, p. 3, ¶ 11. Furthermore, interesting to note is that Sorbo and Presti's alleged professional relationship stemmed from their history as childhood acquaintances. Affidavit of Peter J. Sorbo, p. 2, ¶ 4.
 DISCUSSION
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 375, 260 A.2d 596 (1969). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984).
The defendants move for summary judgment on two grounds. Important to note is that the defendants' waiver and estoppel arguments seeking summary judgment as to all counts of the complaint were withdrawn at oral argument and will, therefore, not be addressed. First, the defendants argue that counts three, four and five are improper because they allege a personal cause of action against Sorbo where the only proper cause of action is one against the corporation, DTI. Second, the defendants argue in the alternative that half of any damages under counts one and three are barred by the statute of limitations and that count five is barred in its entirety by the statute of limitations. CT Page 6165
Presti argues that the defendants' motion for summary judgment should be denied on three grounds. First, Presti argues that a genuine issue of material fact exists as to Sorbo's individual liability as to counts three and four because there are facts which suggest that the corporate veil should be pierced. Second, Presti argues that this action is for breach of a non-executory oral contract and that consequently a six year statute of limitations applies pursuant to General Statutes §52-576.[1] Third, Presti argues that his Wage Act claim is not barred by the two year statute of limitations applicable to Wage Act claims because his claim only accrued when he ceased rendering services to DTI.
In addition, Presti cross-moves for summary judgment on the defendants' counterclaim for vexatious litigation. First, Presti argues that a counterclaim for vexatious litigation cannot be brought by the defendants because there has not been a judgment in favor of the defendant. Second, Presti argues that he is entitled to treble damages pursuant to General Statutes §52-568 because the vexatious action was brought by the defendants without probable cause and with malicious intent.[2] The defendants argue in opposition that a counterclaim for vexatious litigation is proper as long as the case in chief is decided first and that whether or not their counterclaim for vexatious litigation is malicious is a question of fact and, therefore, inappropriate for summary judgment proceedings.
Furthermore, the defendants argue that Presti's cross-motion is procedurally defective on the grounds that it was filed without the court's permission as required by Practice Book §17-44 (formerly § 379) for cases that have been assigned for trial. This procedural argument will, however, not be considered further since the cross-motion was filed on January 4, 1999, and the case was assigned for trial on January 21, 1999. Practice Book § 17-44 (formerly § 379) provides in pertinent part that a "party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial." At the time the cross-motion was filed this case had not yet been assigned for trial. Furthermore, this court will consider the cross-motion since the parties have sufficiently briefed the issues on the merits.
 I
CT Page 6166
The determination of whether to disregard the corporate fiction presents a question of fact, and invokes the court's equitable powers. Falcone v. Night Watchman, Inc.,11 Conn. App. 218, 526 A.2d 550 (1987)." "Ordinarily the corporate veil is pierced only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice.'" (Citation omitted.) Angelo Tomasso, Inc. v.Armor Construction Paving, Inc., 187 Conn. 544, 557,447 A.2d 406 (1982).
Two tests have been developed by the courts to determine whether to pierce the corporate veil. The first test, the one applicable to this case, is called the "instrumentality" test and is discussed in the seminal case of Zaist v. Olson,154 Conn. 563, 227 A.2d 552 (1967).[3] Briefly stated the "instrumentality" test requires proof of each of the following three elements: "(1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiffs legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of. . . ." (Citations omitted.) Id., 575. Moreover, "[t]he instrumentality rule imposes individual liability for corporate actions upon a shareholder, director or officer of a corporate entity that is, in economic reality, the instrumentality of the individual." Campisano v.Nardi, 212 Conn. 282, 291, 562 A.2d 1 (1989).
This court has already found that Presti pled sufficient facts to sustain a cause of action against Sorbo personally.Presti v. Sorbo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 151172 (December 18, 1998, Ryan, J). The defendants' argument that the legal standard I for a motion to strike is different than the legal standard for summary judgment in as much as the legal standard for summary judgment requires the nonmovant to "produce evidence that would be sufficient to require submission of the issue to the jury," (Defendants' Reply Memorandum #143, p. 3), is inapposite since Presti has raised a material issue of fact as to Sorbo's CT Page 6167 involvement in DTI through his affidavit.
Paragraphs nine through eleven of Presti's affidavit allege,inter alia, that Sorbo was the alter ego of DTI, that Sorbo exercised his domination of DTI to his own benefit and that Sorbo used his position of domination in DTI to wrongfully withhold compensation from Presti. Plaintiff's Affidavit In Opposition To Motion For Summary Judgment, p. 3, ¶¶ 9-11. These facts, if proven, suggest that a jury could reasonably find that the corporate veil should be pierced under the instrumentality test because Presti has alleged and averred facts that show: complete domination of DTI by Sorbo, that Sorbo fraudulently and wrongfully used the corporate form to, for example, buy a car for personal use, that Sorbo withheld compensation from Presti, and that Presti has suffered harm in the form of, inter alia, loss of the opportunity to work elsewhere. Presti v. Sorbo, supra, Superior Court, Docket No. 151172 (applying the three prong instrumentality test to the facts of this case). As such, the defendants' motion for summary judgment is denied as to counts three, four and five insofar as Presti has alleged a material issue of fact as to adherence to the corporate form.
 II
"Since the plaintiff's performance was alleged to have been completely executed, [General Statutes] § 52-576 established the applicable limitation period." Cacace v. Morcaldi,37 Conn. Sup. 735, 741, 435 A.2d 1035 (1981), quoting Tierney v. AmericanUrban Corporation, 170 Conn. 243, 249, 365 A.2d 1153 (1976). The defendants, however, argue that the applicable statute of limitations governing this contract is three years pursuant to General Statutes § 52-581 which provides in pertinent part that "any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues." "In attempting to reconcile those two statutes to create one harmonious body of law a construction has been adopted restricting § 52-581 to executory contracts only. . . . The statute of limitations governing a contract which a party has fully performed is § 52-576. . . . (Citations omitted; internal quotation marks omitted.) Cacace v. Morcaldi,
supra, 37 Conn. Sup. 741; see also Campbell v. Rockefeller,134 Conn. 585, 588, 59 A.2d 524 (1948) (applying the predecessor statutes to General Statutes §§ 52-576 and 52-581 to an CT Page 6168 employment case).
In the present case Presti has alleged that he has fully completed his obligations under the oral contract with Sorbo and DTI. Furthermore, Presti has averred that Sorbo promised to compensate him for the work he performed at DTI. Plaintiff's Affidavit In Opposition To Motion For Summary Judgment, p. 6, ¶ 24. As such, there is a material issue of fact as to what type of contract existed between the defendants and Presti and, therefore, an issue as to which statute of limitations applies. A motion for summary judgment is only appropriate in this context where the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, supra,192 Conn. 452. Here, the facts about what type of contract existed are in dispute. Accordingly, the defendants' motion for summary judgment as to counts one and three is denied.
 III
While the defendants may be correct in their argument that recovery under both General Statutes §§ 52-576 and 52-596[4]
(the Wage Act) may be inappropriate, (Defendants' Reply Memorandum of Law, p. 12), pleading in the alternative is a well established practice in Connecticut. Practice Book § 10-25
(formerly § 137) provides that "[t]he plaintiff may claim alternative relief based upon an alternative construction of the cause of action." As such, the defendants' motion for judgment as to count five cannot be granted on the above grounds.
Moreover, whether the two year statute of limitations has run requires a determination of when Presti's cause of action accrued. General Statutes § 52-596. "The cause of action did not arise in this case until the defendant breached the agreement by refusing to fully compensate the plaintiff for her services. . . . The defendant did so refuse to fully compensate her in September of 1981, and she commenced this action in that same month. The statute of limitations, thus, is no bar to her recovery." (Citation omitted.) Burns v. Koellmer,11 Conn. App. 375, 388-89, 527 A.2d 1210 (1987); see also Leahy v. GeneralElectric Credit Corporation, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 091835, 1990 WL 289536, at *2 (May 14, 1990, Cioffi, J.) (finding that a cause of action under General Statutes § 52-596 accrues when the defendant breaches the agreement by refusing to fully compensate the plaintiff). CT Page 6169
In the present action Presti claims that even after his employment with DTI ended Sorbo was still promising him compensation for his services. Plaintiff's Affidavit In Opposition To Motion For Summary Judgment, p. 6, ¶ 24. As such, when Presti's work for DTI allegedly ended in or about July of 1994 there was still a material issue of fact as to when the cause of action accrued. Consequently, there is no statute of limitations issue since this action was commenced by summons and complaint, dated March 8, 1996. Accordingly, summary judgment is inappropriate as to count five because there are material issues of fact concerning when the cause of action accrued. The defendants' motion as to count five is, therefore, denied.
 IV
A suit for vexatious litigation "requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiffs favor. . . ." (Citations omitted; internal quotation marks omitted.) Zeller v. Consolini, 235 Conn. 417, 424, 666 A.2d 64
(1995); see also DeLaurentis v. City of New Haven, 220 Conn. 225,251-52, 597 A.2d 807 (1991) (finding that a vexatious action requires a termination of the underlying suit). This court and the overwhelming majority of superior courts dealing with counterclaims for vexatious litigation have stricken the counterclaims on the theory that the first suit must terminate in favor of the defendant before it is possible to bring a claim for vexatious litigation. See Weichert Realtors v. Zink, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140213 (October 22, 1996, Mintz, J.) (citing other superior courts which have held that a vexatious claim may not be asserted as a counterclaim in the action claimed to be vexatious). Here, Sorbo cannot yet show that the suit was terminated in his favor. As such, his counterclaim for vexatious litigation is premature. Presti's cross-motion for summary judgment as to the third counterclaim for vexatious litigation is, therefore, granted in part without prejudice. The cross-motion is only granted in part because thus far there has only been a consideration of the issue of whether a counterclaim for vexatious litigation is proper and no consideration of the treble damages issue.
Presti also cross-moves for summary judgment pursuant to General Statutes § 52-568 claiming that he is entitled to treble damages. This argument is, however, without merit because CT Page 6170 there is a genuine issue of material fact as to whether the defendants were subject to a vexatious suit (a determination that can only be made after the conclusion of this trial), and Presti has only made conclusory statements that the vexatious counterclaim was brought without probable cause and with a malicious intent to unjustly vex and trouble his efforts in the current action. The fact that Sorbo secured a job for Presti with LSC and that there was an alleged full and final satisfaction of any claims Presti had against Sorbo and/or DTI suggests that there is a genuine issue of material fact as to whether Presti's claim is vexatious. Affidavit of Peter J. Sorbo, p. 3, ¶ 11. Accordingly, this portion of Presti's cross-motion for summary judgment claiming treble damages is denied. Presti's cross-motion for summary judgment is, therefore, granted in part and denied in part.
MINTZ, J.