[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #123
 I
In the aftermath of their mother's death, this case finds her sons in litigation.
The plaintiff, George Shuster, alleges that in 1970, the defendant, Edward Shuster, George's brother, convinced Rose Mary Shuster (decedent)[1], the deceased mother of the plaintiff and the defendants, to convey her assets to him and the co-defendant, another brother, Leon Shuster,[2] to be held in trust for her benefit during her life, and for the equal benefit of her children after she died. Count one alleges breach of an oral trust agreement. Count two alleges undue influence. Specifically, the plaintiff alleges that the defendant, Edward, used his position of trust and confidence to impose undue influence over their mother, causing her to act against her volition, and to convey all of her assets to him and Leon Shuster.
The defendant, in his statute of limitations special defense, alleges that plaintiff's right of action accrued, if at all, more than three years before the commencement of the action. The defendant further alleges that the right of action is barred by the doctrine of laches.
The plaintiff moves to strike the defendant's statute of limitations defense and the laches defense to counts one and two.
 II DISCUSSION CT Page 5996
"[A] plaintiff can [move to strike] a special defense . . . ." Nowakv. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutNational Bank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995);Girard v. Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied,239 Conn. 946 (1996) . "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
 A Statute of Limitations
The plaintiff's effort to strike the defendant's statute of limitations special defense to counts one and two of the complaint alleges they are legally insufficient. The plaintiff argues that General Statutes § 52-576,[3] a six-year statute of limitations, applies here rather than General Statutes § 52-581,[4] a three-year statute of limitations. Specifically, the plaintiff argues that the three-year § 52-581 limits actions based on oral, executory
contracts, and that no facts have been alleged from which a finding could be made that the alleged oral trust agreement was executory. In response, the defendant argues that the trust agreement is an oral contract that is governed by the three-year statute of limitations provided in § 52-581.
"An executory contract is one in which a party binds himself to do or not to do a particular thing, whereas an executed contract is one in which the object of the agreement is performed and everything that was to be done is done." 17A Am.Jur.2d, Contracts § 6 (1991); see alsoMac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 530, cert. denied,212 Conn. 807 (1989) ("It cannot be determined from the record whether the plaintiff had fully performed his obligation under the contract or whether this was an executory contract.")
"General Statutes § 52-576 limits to six years actions on `simple' contracts, while General Statutes § 52-581 limits to three years actions on oral contracts. These two statutes, each establishing a different period of limitation, can both be interpreted to apply to actions on oral contracts. Our Supreme Court has distinguished the statutes, however, by construing § 52-581, the three year statute of limitations, as applying only to executory contracts." (Citations omitted; emphasis in original.) Cupina v. Bernklau, 17 Conn. App. 159, CT Page 5997 162-63, 551 A.2d 37 (1988); see also Tierney v. American Urban Corp.,170 Conn. 243, 249, 365 A.2d 1153 (1976). Where an action before a court "is clearly one upon a simple contract where the plaintiff has fully performed . . . it falls fully within § 6005 [now General Statutes § 52-576]." Hitchcock v. Union New Haven Trust Co., 134 Conn. 246,259, 56 A.2d 655 (1947); see also Tierney v. American Urban Corp., supra, 170 Conn. 249 ("Since the plaintiff's performance was alleged to have been completely executed, § 52-576 established the applicable limitation period."); Connecticut Bank Trust Co., N.A. v. Reckert,33 Conn. App. 702, 714, 638 A.2d 44 (1994) ("The court had no evidence before it regarding whether the alleged contract had been fully performed or was executory."). "The statute of limitations governing a contract which a party has fully performed is [General Statutes §]52-576." Cacace v. Morcaldi, 37 Conn. Sup. 735, 741, 435 A.2d 1035 (App. Sess. 1981).
In the present case, the contract was between the decedent and the defendant. The plaintiff is purportedly a third party beneficiary of the alleged contract. "A third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract." Gateway Co. v. DiNoia, 232 Conn. 223, 230, 654 A.2d 342
(1995). The complaint alleges that the contract between the mother and the defendant Edward called for her to convey her assets to the defendant, who would then take care of her until she died. Upon her death, the defendant would then disburse to the children, in equal shares, the assets transferred and conveyed to him in trust by her. The complaint further alleges that, prior to her death, she conveyed the property to the defendant. Based on the facts alleged, the decedent fully performed her part of the contract. Accordingly, based on the facts alleged in the complaint, the contract in the present case is not executory. Moreover, the defendant fails to plead facts that are consistent with the complaint's leading to a finding that there is an executory contract here. Therefore, the court concludes that § 52-581
does not apply to the facts of the present case. Accordingly, the court grants the plaintiff's motion to strike the defendant's second special defense to counts one and two.
 B Laches
The plaintiff also moves to strike Edward's laches defense to counts one and two on the ground that the defendant has failed to allege facts in support of the defense. In response, the defendant argues that he has raised the special defense of laches based upon facts submitted to the court in the complaint. "Laches consists of an inexcusable delay which CT Page 5998 prejudices the defendant. . . . Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . Absent prejudice to the defendant, the mere lapse of time does not constitute laches." (Citations omitted; internal quotation marks omitted.) Federal DepositIns. Co. v. Voll, 38 Conn. App. 198, 210, 660 A.2d 358, cert. denied,235 Conn. 903, 665 A.2d 901 (1995).
In the present case, the defendant has failed to allege facts in support of his claim of laches. Although the defendant argues that he has raised the doctrine of laches based upon the facts in the complaint, the defendant's special defense merely states that "[t]he right of action stated in the Complaint is barred by the doctrine of laches." As such the defendant asserts a legal conclusion unsupported by any factual allegations. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). Accordingly, the court grants the plaintiff's motion to strike the third special defense to count one and the fourth special defense to count two.
 III CONCLUSION
Based on the foregoing, the court grants the plaintiff's motion to strike the defendant's second and third special defense to count one, and the second and fourth special defense to count two.
The Court
 By ____________________ Nadeau, J.